HUGH W. ROBERTS, JR., *vs.* AVARD J. VROOM & another.

Suffolk. March 28, 29, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Civil,* Exceptions. *Negligence. Evidence,* Competency, Opinion: experts.

In an action by a workman against his employer for personal injuries caused by the breaking of the boom of a derrick which fell upon the plaintiff, where it appeared that the derrick was purchased as a second hand one, the defendant excepted to the admission of evidence of the price paid by the defendant for the derrick. There was no evidence as to the cost of a new derrick. *Held,* that the exception could not be sustained because it did not appear that the admission of the evidence harmed the defendant.

In an action by a workman against his employer for personal injuries caused by the breaking of the boom of a derrick which fell upon the plaintiff, where there is evidence warranting a finding that the boom was defective because its inside was permeated with dry rot, the plaintiff also may introduce the testimony of an expert to the effect that the boom gave way by reason of a "crimp," described as a diseased condition which cuts the fibre of the wood, and that the "crimp" could have been ascertained by sounding with a hammer, the plaintiff not being restricted to evidence showing a single defect in the boom.

In an action by a workman against his employer for personal injuries caused by the breaking of the boom of a derrick which fell upon the plaintiff, where there is evidence warranting a finding that the boom was defective because its inside was permeated with dry rot and it appears that the boom was being used to lift material varying from one quarter of a ton to two tons in weight, an expert may be allowed to give his opinion as to the sufficiency of such a boom for general work of that character.

TORT for personal injuries sustained by the plaintiff on December 17, 1909, when he was in the employ of the defendants and was at work on a school house which the defendants were building for the city of Lynn, from the breaking of a derrick boom which fell and struck the plaintiff. Writ dated January 15, 1910.

The declaration contained three counts, two under the employers' liability act, and the third at common law alleging a failure of the defendants to provide safe and suitable machinery and appliances. At the trial in the Superior Court before *Stevens,* J., the plaintiff waived the first two counts. It was admitted that at the time of the accident the plaintiff was in the exercise of due care.

The material facts which could have been found upon the evidence are stated in the opinion. The case was submitted to the jury upon the third count. The jury returned a verdict for the plaintiff in the sum of $6,000; and the defendants alleged exceptions, relating to the admission by the judge of evidence introduced by the plaintiff in regard to the price paid for the derrick, in regard to a "crimp" in the boom as a defect distinct from rottenness, and the opinion of an expert that the boom was not a proper one for the purpose for which it was being used. In the brief of the defendants at the argument before this court it was stated that "there was evidence from which the jury could find that the boom was defective in that it was rotten on the inside."

*E. K. Arnold,* (*W. B. Luther* with him,) for the defendants.

*F. P. Garland,* for the plaintiff.

BRALEY, J. The plaintiff while at work for the defendants suffered personal injuries by the breaking of a derrick boom, and no contention is made as to his due care, or that the verdict on all the evidence was unwarranted, but the defendants ask for a new trial on the ground of alleged errors in the admission of evidence.

At the place of the fracture it was abundantly shown that the inside of the boom was permeated with dry rot, or, as described by the defendants' superintendent, the wood had become dead but not rotten. The distinction is immaterial. If either rotten or dead, the jury could say that the boom had lost its tensile strength and had become unsound. The jury had before them the evidence of the plaintiff's mechanical expert, whose qualifications were not questioned, that there was a general custom among contractors to examine second-hand derricks before they were used, to ascertain whether they were rotten, cracked or "crimped," by tapping with a hammer or boring with a small bit. If there is rotten or unsound wood the character of the resonance caused by the blow or the appearance of the chips will disclose its condition. When they came to consider the testimony of the only defendant who testified, the jury could have found, that the derrick was purchased from a dealer in second-hand derricks, and, if no inquiry was made as to its age, this defendant knew that after several months use on but one building it had been stored for eight or nine years, and that with knowledge of these circumstances, and relying on such information as could be obtained from visual

inspection, it was used without any further examination to test its soundness. They were bound to provide reasonably safe appliances for the use of the plaintiff and his fellow workmen, and their duty had not been performed if by the exercise of due diligence this defective condition could have been ascertained and remedied.

The admission in evidence of the price which they paid does not appear to have harmed the defendants as there was no proof of the cost of a new derrick. *McGonigle* v. *Belleisle Co.* 186 Mass. 310, 312. *Scaplen* v. *Blanchard,* 187 Mass. 73.

Nor was the plaintiff restricted to proof of a single defect in the boom, but could offer evidence of any defective condition which might have caused the accident. *Droney* v. *Doherty,* 186 Mass. 205. If it gave way because of a "crimp", described in the evidence as a diseased condition which as it progresses finally cuts the fibre of the wood, the opinion of the expert, that from the nature and appearance of the fractured ends the boom parted from this cause, was clearly admissible. *Hand* v. *Brookline,* 126 Mass. 324. It also was shown by this witness, that the "crimp" could have been ascertained by sounding with a hammer, and it was a question for the jury on all the evidence whether the boom broke from either cause, or from both causes, and whether the defendants were chargeable with negligence in failing to discover the defect or defects. *Cahill* v. *New England Telephone & Telegraph Co.* 193 Mass. 415, 418.

The evidence showed, that the boom was being used to lift material required in the construction of the building varying from one quarter of a ton to two tons in weight. It probably might have supported safely a lighter burden, and because the jury would be aided by testimony from qualified experts as to its lifting capacity at the time of the accident, opinion evidence as to the sufficiency of the boom for general work of this character was rightly admitted. *Prendible* v. *Connecticut River Manuf. Co.* 160 Mass. 131. *Lang* v. *Terry,* 163 Mass. 138.

*Exceptions overruled.*