ANNIE GALNER *vs.* OTIS ELEVATOR COMPANY.

REUBEN GALNER *vs.* SAME.

Suffolk.   November 16, 1926. — March 1, 1927.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Negligence*, Elevator.

At the trial of an action by a passenger upon an elevator in a building against the manufacturer of the elevator for personal injuries suffered when the elevator fell in 1920, it appeared that the defendant was required by contract with the owner of the building to make bimonthly inspections and to make repairs at the request of the owner; that crystallization, which appeared to be in the cables due to torsion in winding and unwinding, caused one cable to part; and that the safety devices on the elevator did not prevent the elevator from falling.   On the evidence it was *held*, that

(1) A contention by the plaintiff that babbitting, done by the defend-ant in making repairs in 1916, was negligent and caused the fall in 1920 was without foundation, the evidence showing yearly inspections by the city, alternating monthly inspections by an insurance company and by the defendant, and daily inspections by the owner's janitor without the disclosing of any defect, and the plaintiff's witnesses testifying that constant use for nearly four years without indication of defect dis-proved negligence in repair;

(2) The mere fact, that crystallization had occurred in one cable causing it to break and bring too much strain on the other, thus causing the second cable also to break and the elevator to fall, did not warrant a finding of negligence on the part of the defendant, there being no evi-dence that such crystallization could have been discovered on inspection;

(3) Evidence that, if the car fell twenty-five feet between the point where the cable parted and where it stopped, this would show that the safety devices were not in working condition, did not warrant a finding that there was a defect in the devices for which the defendant was responsible, since the evidence left the length of the drop uncertain, and there was no other evidence of the condition of the safety devices excepting that of the plaintiff's witnesses to the effect that inspection showed no defect;

(4) A verdict for the defendant properly was ordered.

TWO ACTIONS OF TORT, the first action for personal injuries caused by the falling of a passenger elevator in which the plaintiff was a passenger at 755 Boylston Street in Boston, and the second action by the father of the plaintiff in the first action for consequential damages. Writs dated November 24, 1922.

In the Superior Court, the actions were tried together before *Lawton*, J. Material evidence is described in the opinion. At the close of the evidence, by order of the judge, verdicts were entered for the defendant. The plaintiffs alleged exceptions.

*W. Hirsh*, for the plaintiffs.

*K. C. Parker*, for the defendant, submitted a brief.

WAIT, J. The plaintiff in the first action, a minor, sues in tort for personal injuries received through the falling of an elevator car in which she was riding. The plaintiff in the second action, her father, sues for consequential damages.

The elevator was built and installed by the defendant in the year 1911, in a building belonging to the Boston Real Estate Trust, under a contract with the owner. A further contract provided that the defendant should make inspec-

tions bimonthly; and, at the request of the owner, should make repairs. In June of 1920, the hoist cables broke and the car fell. The plaintiffs contended that the accident was due to negligence of the defendant in a repair of the cables made in 1916, and in careless inspection. There was evidence that the elevator and its appliances were inspected yearly by the city of Boston; in alternate months by the defendant, and by the Employers Liability Assurance Corporation; and daily by the janitor in the employ of the owner. There was no evidence that a defective or dangerous condition was disclosed at any inspection made after August, 1916. See *Roberts* v. *Vroom,* 212 Mass. 168.

There was no evidence of any negligence on its part. There is nothing in the contention that the babbitting done in repairing in 1916 was performed negligently. The plaintiffs' witnesses testified that constant use for nearly four years without indication of defect disproved negligence in the repair. It could have been found that crystallization in the cables, due to the torsion in winding and unwinding upon the drums, caused one cable to part, putting an undue strain upon the other which broke it. But there was no evidence that such crystallization could be discovered on inspection.

There was evidence that if the car fell twenty-five feet between the point where the cable parted and where it stopped, this would show that the safety devices and governor were not in good working condition. The evidence left the length of the drop uncertain, and there was no other evidence of their condition except that of the plaintiffs' witnesses to the effect that inspection showed no defect.

On such evidence a jury would not be justified in finding negligence. The judge was right in directing verdicts for the defendant.

*Exceptions overruled.*