Forte, J.
The reported evidence may be summarized as follows:
At approximately 12:30 p.m. on December 26, 1979, an employee of F.S. Payne arrived at Framingham Union Hospital in response to a call from his dispatcher that an elevator at the hospital was out of service. He went to the elevator in question (“elevator number one”), determined that the problem was with a locking mechanism on the first floor, adjusted the lock and put the elevator back into operation.
After the Payne employee had repaired the elevator, he decided to perform his regularly-scheduled weekly maintenance of the remaining elevators located immediately adjacent to elevator number one. Accordingly, he went to the sixth floor “penthouse” of the building where the elevator machinery was housed. He cleaned, greased and oiled the machinery and visually inspected the brushes and hoist motor of each of the elevators in the bank of four.
At approximately 4:30 p.m., as he concluded his maintenance of the machinery, the employee heard a grinding noise from the elevator housing and observed smoke emitting from the generator of elevator number one. Realizing that the generator was on lire, the employee seized a fire extinguisher and sprayed the generator, thereby extinguishing the fire. He then cut the power to the generator, called his office to report the malfunction and descended the stairs to assist any person who might have been trapped in the elevator cars.
At approximately 4:30 p.m. that same afternoon, the plaintiff arrived at the Hospital to visit a friend who was a patient on the third floor. She entered the car of elevator number one, pushed the button for the third floor and began her ascent. As the elevator passed the doors to the second floor, however, the car jolted to a stop, jerked up and down and then descended rapidly to the sub-basement level where it came to an abrupt stop.
The plaintiff became frightened and upset. She pressed the elevator buttons and began to kick and pound on the elevator doors with her hands, feet and head. She removed her coat, scarf, sweater, gloves and pocketbook. According to her testimony at trial, she was trapped in the elevator for approximately 45 *84 minutes before she was assisted by a doctor and several maintenance workers. She then drove home and remained there, missing two weeks from her work as a real estate broker.
Medical testimony at the trial was consistent with respect to the plaintiffs injuries, which consisted entirely of pain in her hands. Testimony from the plaintiff’s expert was to the effect that the plaintiff had developed carpal tunnel syndrome in her hands as a result of pounding on the elevator car door. The Hospital’s expert, however, testified that the plaintiff did not have carpal tunnel syndrome as a result of the December, 1976 accident
Testimony regarding the condition of the elevator motor after the fire was consistent. All witnesses testified that the generator was charred, the interpole located outside the generator “had gone to ground” and the wires protecting the interpole had burned. The witnesses testified further that the generator was the source of power for the elevator in which the plaintiff had been trapped and that, when the generator failed, the power to the elevator would have been interrupted.
At the close of the plaintiffs case, and at the close of all the evidence, defendant Payne filed sixteen written requests for rulings of law and moved that judgment be entered on its behalf. The plaintiff also filed requests for rulings and moved for judgment against both defendants. The trial judge, while absolving the Hospital of all liability, entered judgment for the plaintiff against Payne and awarded her damages in the amount of $10,320.00. Specifically, the trial judge found as follows: first, that defendant Payne’s employee “was negligent when he shut off the power to elevator number one upon seeing smoke coming from the generator without first ascertaining whether anyone was on board the elevator”; second, that defendant Payne’s employee “was negligent when he allowed (the plaintiff] to remain trapped in the elevator for at least twenty minutes after he shut off the power to the elevator”; and third, “that as a direct result of the negligent and wrongful acts of [Payne’s employee], the elevator in which [the plaintiff] was riding came to a jolting stop and rapidly descended two floors to a sub-basement level, trapping the plaintiff inside for at least twenty minutes”. Defendant Payne thereafter prosecuted an appeal to this Division on a charge of error in the trial court’s denial of thirteen of its sixteen requests. We confine our review to the trial court’s denial of the following requested rulings which are dispositive of this appeal:
2. The evidence does not warrant a finding for the plaintiff against the defendant, Payne.
6. There is insufficient evidence of negligence or other breach of duty or lack of due care by defendant Payne.
10. The evidence does not warrant a finding that the plaintiff’s alleged injuries were proximately caused by any negligence of defendant, Payne.
1. As a general rule, an appellate court will not set aside any finding of fact entered by a trial-court unless that finding is “clearly erroneous”, Dist./Mun. Cts. R. Civ. P., Rule 62(a); that is, unless the reviewing court, on the entire evidence, is “left with the definite and firm conviction that a mistake has been committed”. See United States v. United States Gypsum, Co., 333 U.S. 364, 395 (1948); New England Canteen Service, Inc. v. Ashley, 372 Mass. 671, 675 (1977); Building Inspector of Lancaster v. Sanderson, 372 Mass. 157, 160-161 (1977); Marlow v. New Bedford, 369 Mass. 501, 508 (1976); DiGiovani v. Board of Appeals of Rockport, 19 Mass. App. Ct. 339, 343 (1986). Inferences *85 drawn by the trial judge from the facts as reported, however, do not benefit from the presumptions inherent in the “clearly erroneous” rule. Such inferences are “open” for appellate court decision and, in fact are entitled to no particular weight in the process of appellate review. Malone v. Walsh, 315 Mass. 484, 490 (1944); DiGiovanni v. Board of Appeals of Rockport, supra at 343; National Medical Care, Inc. v. Zigelbaum, 18 Mass. App. Ct. 570, 575 (1984). And, where a trial judge’s ultimate findings are inconsistent with his subsidiary findings, thus indicating reliance on inferences that are either reasonable or not based on the facts as reported, the appellate court may set aside those ultimate findings. Colby v. Callahan, 311 Mass. 727, 729 (1942); National Medical Care, Inc. v. Zigelbaum, supra at 575.
In the present case, the defendant’s requests for ruling sought a determination that the evidence was insufficient as a matter of law to sustain the court’s ultimate finding for the plaintiff. We conclude that the evidence, even when viewed in the light most favorable to the plaintiff, Narime v. Powers, 400 Mass. 343, 344-345 (1987); Forlano v. Hughes, 393 Mass. 502, 504 (1984); Poirier v. Plymouth, 374 Mass. 206, 212 (1978), does not adequately support the court’s ultimate finding of liability and that, accordingly, judgment must be entered for the defendant.
The trial court’s subsidiary findings upon which he based his ultimate finding of negligence were two. The trial judge found that the defendant’s employee was negligent when he shut off the power to elevator number one upon seeing smoke coming from the generator without first ascertaining whether anyone was a passenger in the elevator; and, that the employee was negligent when he “allowed” the plaintiff to remain trapped in the elevator for at least twenty minutes after he shut off the power to the elevator. Neither of these facts, however, permit the conclusion that the defendant’s employee was negligent.
The defendant and its employee were obligated through the defendant’s contract with the Hospital to exercise that degree of care that a reasonably careful person, that is, a person of “ordinary prudence” would exercise in a like or similar circumstance. Toubiana v. Priestly, 402 Mass. 84, 88 (1988); Hallet v. Wrentham, 398 Mass. 550, 558-549 (1986); LaClair v. Silberline Mfg. Co., 379 Mass. 21, 27 (1979); Goldstein v. Gontarz, 364 Mass. 800, 805-806 (1974). In examining the relevant circumstances and the degree of care exercised by any individual, a fact finder must take into account the possibility that the actor may have been confronted with a sudden emergency which required rapid decision and quick action. See Hallet v. Wrentham, supra at 559; Newman v. Redstone, 354 Mass. 379, 383 (1968); Altman v. Aronson, 231 Mass. 588, 591 (1919). See also RESTATEMENT (SECOND) OF TORTS, §296(1965). In such a situation, although a person is still required to exercise reasonable care, “the law does not require one to take the most prudent course that could have been taken.” Newman v. Redstone, supra at 383, quoting Barton v. New York, N.H. & H.R.R., 332 Mass. 345, 350-351 (1955). “The standard is not established by the most prudent person conceivable, nor by the least prudent, but by the person who is thought to be ordinarily prudent.” Toubiana v. Priestly, supra at 88. See Gilhooley v. Star Market Co., 400 Mass. 205, 207 (1987); Cimino v. Milford Keg, Inc., 385 Mass. 323, 330 (1982); Boyer v. New England Citrus Bowl, Inc., 347 Mass. 107, 109 (1964).
In the case sub judice, the defendant’s employee was confronted with a fire in the elevator shaft of a hospital. It was reasonable and “ordinarily prudent” for him to extinguish the fire first and then search to see if any passenger had been trapped in an elevator car. Indeed, it would have been negligent for him *86 to allow the fire to spread within the machine room — thus endangering each person in the hospital — while extricating passengers unfortunately trapped in the elevators. Whatever inferencese the trial judge drew from the undisputed facts in this case which led him to conclude that the defendant’s employee was negligent were simply unreasonable. The Court’s ultimate conclusion was clearly wrong.
2. The defendant’s requests for ruling numbers 2 and 10 sought a determination that the evidence was insufficient as a matter of law to sustain a finding that the defendant’s employee had been the cause of the plaintiffs injuries, if any. The trial judge denied the requests. The requests should have been allowed because, even assuming the defendant had breached a duty owed to the plaintiff — which we do not find — the evidence reported was insufficient to sustain the judge’s finding that such conduct was the proximate cause of the plaintiffs alleged injuries.
As in all civil cases, the plaintiff in the present case was obliged to prove by a preponderance of the evidence that her injuries were proximately caused by a negligent act or omission on the part of Payne’s employee that is, proof that “but for” the employee’s negligence, the injury to the plaintiff would not have occurred. LeClair v. Silberline Mfg. Co., 379 Mass. 21, 31 (1979); Triangle Dress, Inc. v. Bay State Service, Inc., 356 Mass. 440, 441 (1969). In the present case, the plaintiff has shown only that she was trapped inside an elevator when the generator which powered the elevator in which she was a passenger ceased to function. That cessation, in turn, was caused either by the fire which occurred in the generator, or the act of the defendant’s employee in switching off the motor.
When faced with two competing and mutually exclusive proximate causes of an injury, a plaintiff must show by a preponderance of the evidence either that the defendant was responsible for both proximate causes or that the plaintiffs injuries came from an act of negligence for which the defendant was responsible. Forlano v. Hughes, 393 Mass. 502, 507 (1984); Wolfe v. Checker Taxi Co., 299 Mass. 225 (1938). In the absence of such proof “(W)hen the precise cause is left to conjecture and may be reasonably attributed to a condition, for which no liability attaches as one for which it does, then a [finding] should be directed against the plaintiff.” Currie v. Lee Equipment, 362 Mass. 765, 768 (1973). Galner v. Otis Elevator Co., 258 Mass. 441, 442-443 (1927).
In the present case, there are no facts reported to this Division which would substantiate the trial court’s subsidiary finding that the defendant’s employee caused the plaintiffs injury. “As the degree of proof adduced by the plaintiff failed to exceed the level of mere possibility rather than probability, a subsidiary finding of causation herein could only have been premised on impermissible speculation and conjecture.” Vitale v. Otis Elevator Company, supra at 207. See also, Miga v. Holyoke, 398 Mass. 343, 348 (1986); Mullins v. Pine Manor College, 389 Mass. 47, 56 (1983); Alholm v. Wareham, 371 Mass. 621, 627(1976).
3. In his rulings of law, the trial judge found specifically that the “pain experienced by the [plaintiff] in her hands was not the result of her having been trapped in the elevator, or wrongful acts of [Payne’s employee], F.S. Payne, or Framingham Union Hospital.” In spite of this finding, the judge ruled that “as a result of the negligent and wrongful” acts of Payne’s employee, the plaintiff should be awarded damages in the amount of $4,320.00 for lost wages, and $6,000.00 for “mental suffering and anguish.”
*87 Leaving aside the issue of the sufficiency or insufficiency of proof, it is the general rule in this Commonwealth that, absent a finding of physical harm, a plaintiff cannot recover for negligently inflicted emotional distress. Garrity v. Garrity, 399 Mass. 367, 369 (1987); Santana v. Registrars of Worcester, 398 Mass. 862, 867 (1986); Payton v. Abbott Labs., 396 Mass. 540, 556-557 (1982). In the present case, the trial court specifically found that neither defendant nor defendant Payne’s employee had caused any physical harm to the plaintiff. For that reason, any damages awarded for emotional distress, or for absence from work resulting from emotional distress, must be set aside.
The trial court’s finding for the defendant Framingham Union Hospital on Count One of the plaintiffs original complaint against the Hospital is affirmed.
The trial court’s finding for the plaintiff on Count Two of the amended complaint brought against F.S. Payne Co., Inc. is reversed. Judgment is to be entered for the defendant, F.S. Payne, Co., Inc. on Count Two.