Fumari, J.
This is an action for breach of contract and violation of G.Lc. 93A. Judgment was entered for the plaintiff. At issue on this appeal is the propriety of the trial court’s denial of the defendant’s G. Lc. 231, § 104 request to transfer this action to the Superior Court
The pertinent sequence of procedural events began with the March 1,1989 filing of the court’s finding for the plaintiff in the sum of $13,658.40. Judgment for the plaintiffwas entered on March 6,1989 pursuant to Dist/Mun. Cts. R. Civ. P., Rules 58(a) and 79(a). The Rule 58 Judgment form utilized by the trial court states that a copy of the judgment was “sent to parties immediately, as notice pursuant to Rule 77 (d).” The docket also indicates that notice of judgment was sentón March 6,1989.
Execution issued on April 27,1989. Plaintiffs counsel made demand for payment by letter dated May 9,1989 addressed to Mr. Bohm, an associate of the law firm Silverman & Kudisch which had served as defendant’s trial counsel. This letter was received by defendant’s counsel on May 11,1989.
On May 18,1989, the defendant filed a “Notice of Transfer to Superior Court” and a Demand for Trial by Jury. The plaintiff filed written opposition to the defendant’s transfer request, and a hearing was subsequently held on June 2,1989. On June 15, 1989, the trial court allowed the plaintiffs opposition motion and filed subsidiary findings which included the following:
On June 2,1989, the Defendant claimed, for the first time, that its attorney received notice of the court’s findings op the merits, after trial, late .... Plaintiff counsel received notice [on] 3/7/89.
I find that Defendant Counsel received actual notice on or about March 7, 1989 (well before April 24,1989) and that its opportunity for trial by jury expired unexercised. There is uncontradicted evidence that the notice received was not brought to individual counsel’s attention until May 11, 1989.
The defendant argues on this appeal that neither individual counsel, Mr. Bohm, who was both attorney of record for the law firm representing the defendant and trial counsel, nor a Mr. Blumenthal, another member of the firm who had not filed an individual appearance, had personally received notice of the court’s trial decision andfinding. While the trial judge recognized these uncontradicted averments as to lack of personal notice, he found that notice had been received by the law firm representing the defendant well within the time prescribed by statute for removing an action to the Superior Court G.Lc. 231, § 104.
The trial judge correctly ruled that the receipt of notice contemplated by G.Lc. 231, § 104 is receipt by the law firm representing a party, rather than the individual attorney in that firm. Newman v. Brennan, 1988 Mass. App. Div. 36. Notice of the *73 court’s finding or decision received by the law firm herein constituted receipt of notice by the defendant for G.Lc. 231, § 104 purposes, and was clearly chargeable to the law firm associate assigned to handle the defendant’s case.
As the defendant’s May 18,1989 Notice to Transfer was untimely, the trial court’s allowance of the plaintiffs opposition to such transfer was proper. A trial court has no authority to enlarge the time for removal[1] beyond the statutory “30 days after notice of the decision or finding.” Johnson v. Danny's Auto Body, 1989 Mass. App. Div. 83.
Report dismissed.

 The defendant's “Notice of Transfer to Superior Court” was governed by G.Lc. 231, § 104 which provides: “A party who would have been entitled to remove the case for trial in the Superior Court as herein above provided but for the fact that the amount of the claim...does not exceed twenty-five thousand dollars shall, if he desires trial by the superior court, file an entry fee of fity dollars and bond within thirty days after notice of the decision or finding...”