Louis Freeman *vs.* Mary Robinson & another.

Suffolk.　　April 6, 1921. — May 25, 1921.

Present: Rugg, C. J., De Courcy, Crosby, Pierce, & Carroll, JJ.

*Contract,* Construction, Performance and breach. *Action. Practice, Civil,* Appeal,
New trial.

In an action commenced on April 10, 1919, for breach of an agreement in writing
whereby the defendant agreed to sell a grocery business to the plaintiff and to
procure for him a lease of certain premises and to transfer the business "on or
before April 7, 1919 [treated by the parties as April 9] at 3 o'clock P. M., at the
office of" a certain attorney, the judge made a finding of facts "that the plaintiff
was present at the time and place named in the agreement, able, ready and willing
to pay the cash called for in the agreement, and that the defendant was not
present as agreed; that defendant never procured the lease called for and never
offered the plaintiff the bill of sale called for in said agreement." The judge
found that "The written instrument contained no stipulation making the time
stated of the essence of the contract, and there is nothing in the terms of the
contract, in the nature of the property to be conveyed, or in the certain circum-
stances which requires an inference that the parties intended April 9, 1919, at
3 o'clock P. M., to be the necessary and essential time for carrying the sale into
effect." The judge ruled that "if the plaintiff refused to accept a bill of sale and
a lease of the premises on the tenth day of April, 1919, the defendants are not
liable for any damage to the plaintiff." There were no exceptions taken to these
findings and rulings. The judge found for the plaintiff. *Held,* that

(1) It was manifest, by the application of correct rules of law to the facts, that
the plaintiff was entitled to recover and that the order for judgment in his favor
was right;

(2) In an action at law for the breach of a contract to convey or to transfer prop-
erty the plaintiff makes out a case by showing that he was prepared to carry out
his part of the contract according to its terms and that the contract was not per-
formed by the other party within the time specified in the contract;

(3) The commencement of the action on April 10, 1919, was not premature;

(4) While the defendants showed an error of law in that the judge by ordering
judgment for the plaintiff failed to follow the rule of law which he had laid down
for his guidance, that rule itself was erroneous and ought not to have been fol-

lowed, so that the error of law was neutralized by the order for a judgment right upon the facts.

A mistake of a judge in failing to follow a rule of law, erroneously adopted, to a decision contrary to the rights of the parties on facts found to be true, does not require a new trial where it is manifest that a just decision, in the light of the governing correct principle of law, has been made.

CONTRACT, to recover a deposit of $400 paid by the plaintiff to the defendants under an agreement in writing for the purchase and sale of a grocery business, and for damages because of an alleged breach of the agreement. Writ in the Municipal Court of the City of Boston dated April 10, 1919.

The defendants filed an answer consisting of a general denial, payment, and a denial of signatures and also filed a declaration in set-off to which the plaintiff interposed an answer of general denial.

At the trial in the Municipal Court there was evidence that the parties had entered into the agreement in writing, material portions of which agreement are described in the opinion. The defendants admitted that they had received a deposit of $400 made by the plaintiff. There also was evidence that the plaintiff had paid an appraiser $35 for making an inventory of the stock.

Rulings requested by the defendants and given by the judge are described in the opinion. The judge found for the plaintiff in the sum of $435, disallowed the declaration in set-off, made the findings of fact described in the opinion, and, at the request of the defendants reported the case to the Appellate Division, who ordered that the report be dismissed. The defendants appealed.

The case was submitted on briefs.

*I. L. Hoffman, B. N. Vernon & J. J. Gaffney,* for the defendants.

*R. F. Albert,* for the plaintiff.

RUGG, C. J. This is an action for the breach of a written contract interchangeably executed between the parties for the sale by the defendants and the purchase by the plaintiff of a store. The writ is dated April 10, 1919. No question is raised as to parties. The agreement as printed in the record provided, among other matters, that the transfer of title should take place on or before April 7, 1919, at three o'clock in the afternoon at a designated place, and that the defendants should secure a lease for the

plaintiff for a stipulated term and price. The trial proceeded on the theory that April 9 rather than April 7 was the date fixed by the contract for performance. The judge at the request of the defendants ruled at the close of the evidence as follows: " 2. The written instrument contained no stipulation making the time stated of the essence of the contract, and there is nothing in the terms of the contract, in the nature of the property to be conveyed, or in the certain circumstances which required an inference that the parties intended April 9, 1919, at 3 P. M. to be the necessary and essential time for carrying the sale into effect. . . . 4. If the plaintiff refused to accept a bill of sale and a lease of the premises on the tenth day of April, 1919, the defendants are not liable for any damage to the plaintiff." He found for the plaintiff and also made these findings of fact: " I find that the plaintiff was present at the time and place named in the agreement, able, ready and willing to pay the cash called for in the agreement, and that the defendant was not present as agreed; that defendant never procured the lease called for and has never offered the plaintiff the bill of sale called for in said agreement."

The contention of the defendants is that, the correctness of the rulings above quoted not being reserved by the report, they became the law of the case, and that a finding for the plaintiff was impossible as matter of law if those rulings were followed. If the judge had followed those rulings as his guide, after having made the findings of fact, he ought to have found for the defendants. The rights of the parties ought to be determined by the application of correct rules of law to the facts. It is manifest, by the application of correct rules of law to the facts, that the plaintiff is entitled to recover and that the order for judgment in his favor was right. The rulings of law made by the judge were wrong. This is an action at law, not a suit in equity. In an action at law for the breach of a contract to convey or to transfer property, the plaintiff makes out a case by showing that he was prepared to carry out his part of the contract according to its terms and that the contract was not performed by the other party within the time specified in the contract. The rule in equity is different. *Mansfield* v. *Wiles*, 221 Mass. 75, 81.

The erroneous rulings of law had no rational bearing upon the intellectual processes or the course of reasoning by which the find-

ings of fact were or could have been made. They had no conceivable connection with the findings which stand as true, quite regardless of the erroneous rulings. The defendants committed a breach of the contract by failing to be present, at the time and place appointed, ready, willing and able to perform their part of the contract, and they would have been liable to the plaintiff by reason of that breach even though the plaintiff had refused to accept tender of performance made by them on the next day. The action commenced the next day was not prematurely brought. While the defendants show an error of law in that the judge by ordering judgment for the plaintiff failed to follow the rule of law which he had laid down for his guidance, it is plain that that rule was itself erroneous and ought not to have been followed. The error of law was neutralized by the order for a judgment right upon the facts. Under these circumstances, this court will not order a new trial, where all the material facts are before it, even though no exception has been saved to or report made as to that rule thus erroneously adopted. A mistake in failing to follow a ruling of law, erroneously adopted, to a decision contrary to the rights of the parties on the facts found to be true, does not require a new trial when it is manifest that a just decision, in the light of the governing correct principle of law, has been made. It would be pushing a bald technical error to an absurd conclusion to direct a new trial because of such an error of law. Clearly the substantial rights of the defendants have not been injuriously affected. They have suffered no real harm. *Smith* v. *Commonwealth*, 210 Mass. 259, 262. *Howard* v. *Central Amusement Co.* 224 Mass. 344, 347. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17–19. St. 1913, c. 716. See *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 384; *Proctor* v. *Dillon*, 235 Mass. 538, 540.

The other requests for rulings, which were denied, are waived by not having been argued.

*Order dismissing report affirmed.*