MEYER ANTOKOL *vs.* GILES A. BARBER.

Middlesex.     January 17, 1924. — April 7, 1924.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Pleading, Civil,* Declaration: allegation as to damage.  *Damages,* In tort. *Motor Vehicle,* Value of use, lost during repair, as element of damage.

Under G. L. c. 231, § 7, cl. 2, a general allegation of damages in a declaration is sufficient to enable a plaintiff to recover all damages which are the natural or necessary consequences of the cause of action; but when special or peculiar damages are claimed, it is necessary to aver them specifically in the declaration.

Under an allegation in a declaration that the defendant operated a motor vehicle so negligently " that it ran into the plaintiff's automobile and greatly damaged it," the plaintiff may recover not only the actual expenses of the repairing of damage caused by the defendant's negligence, but also the fair value of the use of his automobile while it was being repaired.

The plaintiff, to establish the fair value of the use of his automobile while it was being repaired, in the circumstances above described, may introduce evidence as to the amount necessarily paid by him for the hire of another automobile to take the place in his business of his damaged automobile while it was being repaired, such evidence not being evidence of damage to be recovered *per se,* but evidence of the fair value of the use of the plaintiff's automobile while it was being repaired.

Although, at the hearing in a district court of the action above described, where the only evidence before the judge as to the fair value of the use of the plaintiff's automobile, while receiving repairs made necessary by the negligence of the defendant, was the cost of the hire of the substitute automobile, a ruling by the trial judge, that the plaintiff was entitled to recover as damages the amount paid by him for hire of another automobile to take the place in his business of his damaged automobile while it was being repaired, was not strictly accurate, no harm was done to the defendant since findings by the judge rightly interpreted meant that the fair value of the loss of use of the plaintiff's automobile while being repaired was the hire paid for one to take its place and that such hire so paid was reasonably economical and necessary and was a damage likely to result, according to the common experience of mankind, from damage to the plaintiff's automobile.

TORT, the plaintiff alleging that the defendant operated a motor vehicle so negligently " that it ran into the plaintiff's automobile and greatly damaged it."   Writ in the First

District Court for Northern Middlesex dated December 14, 1922.

Material evidence and findings at the trial in the District Court are described in the opinion. There was a finding for the plaintiff in the sum of $400.64, and the trial judge reported the case to the Appellate Division of the Northern District, who ordered the report dismissed.

The case was submitted on briefs at the sitting of the court in January, 1924, to *Rugg*, C.J., *DeCourcy, Pierce, Carroll, & Wait*, JJ., and afterwards was submitted on briefs to all the Justices.

*J. J. Shaughnessy*, for the defendant.

*J. M. Maloney*, for the plaintiff.

RUGG, C.J. This is an action of tort. It was alleged in the declaration in effect that, by reason of negligent operation by the defendant of an automobile truck, it ran into the stationary automobile of the plaintiff and " greatly damaged it." There was in the writ a general allegation of damage to the plaintiff. At the trial, the due care of the plaintiff and the negligence of the defendant were conceded. The only controversy related to damages. No objection was made to recovery for cost of repairs made on the automobile of the plaintiff. The plaintiff, having offered evidence that he had used his automobile before and at the time of the accident in his business, claimed damages for the loss of such use while it was being repaired. To prove these damages he offered evidence that he had paid $110 for hire of an automobile for use in his business while his own was being repaired, that the price paid was reasonable and was the " going price at the time " and place of hire. The trial judge, against the objection of the defendant, ruled that this evidence was admissible. The judge, against the objection of the defendant, also ruled that the plaintiff was entitled to recover as damages a reasonable amount paid for the use of an automobile in his business while the damaged automobile was being repaired. The correctness of these two rulings is reported. It was found as a fact that the damaged automobile was used by the plaintiff in his business in travelling over certain routes at stated periods

and that the plaintiff was deprived of its use while being repaired, due to the tortious conduct of the defendant. The general finding for the plaintiff, in view of other rulings made, imports further findings that it was reasonably necessary for the plaintiff to hire an automobile to take the place of his damaged car, and that the price paid for it was reasonable.

It is required by our practice act that the " declaration shall state concisely and with substantial certainty the substantive facts necessary to constitute the cause of action." G. L. c. 231, § 7, cl. 2. Under that requirement the general allegation of damages is sufficient to enable a plaintiff to recover all damages which are the natural or necessary consequences of the cause of action so stated. Damages such as the law will imply from the facts set forth in the declaration may be recovered. But when special or peculiar damages are claimed, it is necessary to aver them specifically. The salutary rule of the common law requiring the plaintiff to allege in his declaration particular or unusual damages remains unchanged. The underlying and sound justification for that rule is that the defendant ought to be guarded against surprise at the trial by evidence tending to prove damages of which he had no previous notice. The statement of the rule is simple. It sometimes may be difficult to determine what are the natural consequences, actually but not necessarily flowing from that tortious conduct. *Warner* v. *Bacon,* 8 Gray, 397. *Knapp* v. *Slocomb,* 9 Gray, 73. *Parker* v. *Lowell,* 11 Gray, 353. *Adams* v. *Barry,* 10 Gray, 361. *Prentiss* v. *Barnes,* 6 Allen, 410. It was held in *Baldwin* v. *Western Railroad,* 4 Gray, 333, decided in 1855, that evidence tending to show the education and learning of the plaintiff and that she was a school teacher " could have had no relevancy or application to the questions at issue between the parties, except as forming the basis on which special damages were to be assessed for the injury of which she complained. It did not tend to show an injury falling within the class of general damages." In *Millmore* v. *Boston Elevated Railway,* 198 Mass. 370, it was held that compensation for impairment of earning capacity by a

housewife caused by a tortious act resulting in personal injuries might be recovered under a general allegation of damages without special allegation. *McCarthy* v. *Boston Elevated Railway*, 223 Mass. 568. *Koch* v. *Lynch*, 247 Mass. 459.

It is common practice to permit the plaintiff in actions of tort for personal injuries without special pleading to introduce evidence as to his wages earned as bearing on the compensation due him for enforced inability to work although not strictly recoverable as wages or salary. *Murdock* v. *New York & Boston Despatch Express Co.* 167 Mass. 549. *Sibley* v. *Nason*, 196 Mass. 125, 131. *Stynes* v. *Boston Elevated Railway*, 206 Mass. 75. *Mahoney* v. *Boston Elevated Railway*, 221 Mass. 116.

The allegation of great damage to the automobile of the plaintiff implies not only expense of repair but also loss of use while the harm caused by the collision is being mended. It is difficult to conceive of an injury to an automobile such as is here described which does not import as an inevitable consequence loss of use for some period of time. The loss of use of the automobile during the period of repair is as much the natural and necessary consequence of the tortious act of the defendant described in the declaration as is the cost of the repair. It is as plainly so as is the loss of time of an individual arising from personal injuries, or the loss of use of any chattel arising from wrongful act. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220, 236, 237. *Parker* v. *American Woolen Co.* 215 Mass. 176, 182. *Jackson* v. *Innes*, 231 Mass. 558, 560. *The Gretna Holme*, [1897] A. C. 596. *The Mediana*, [1900] A. C. 113.

The form of the declaration cannot fairly be construed as confining the claim of the plaintiff to the mechanical injury done to his automobile. Reasonably interpreted, it means all general damage accruing to the plaintiff as the result of the harm done to his automobile by the negligent conduct of the defendant.

When once it is established that such loss of use is the natural and inevitable consequence of collision of a moving truck with a stationary automobile, it follows under the

principle of pleading already stated that there need be no special allegation of that point in the declaration, but that the general claim of damages is enough.

The case at bar is covered exactly on this point by *Johnson* v. *Holyoke*, 105 Mass. 80. That was an action of tort against a municipality for failure to keep a highway in repair. An examination of the original papers in that case shows that in the declaration the only allegation was of damage to the " person and property " of the plaintiff. The plaintiff showed injury to a horse and carriage hired by him and in his possession. The jury were instructed that the plaintiff was entitled to recover " for the damages which were the immediate consequence of the injury to the horse and carriage; and that, in estimating the damages arising . . . to the . . . [carriage], the jury may consider . . . the necessary expense of hiring another for use in the meantime, if that was the most prudent and economical course to adopt." It was held that there was no error in these instructions. To the same effect is *Gillett* v. *Western Railroad*, 8 Allen, 560. It follows that the evidence was rightly admitted as to the amount necessarily paid by the plaintiff for the hire of an automobile to take the place in his business of his damaged automobile while it was being repaired.

The ruling that the plaintiff was entitled to recover as damages the amount so paid for hire was not strictly accurate. In the absence of an allegation of special damages of that nature, the plaintiff was entitled to recover as one element of damage the fair value of the use of his own automobile while it was being repaired, not the hire paid for a different automobile. But as was said by Holmes, J., in *Braithwaite* v. *Hall*, 168 Mass. 38, respecting an instruction that the plaintiff in an action of tort for personal injuries " was entitled to recover compensation for wages actually lost by him " through the negligence of the defendant: " It is true that, when a man is allowed to prove his average earnings or the wages actually lost by him, they are proved as a measure of the value of the time and power to labor of which he has been deprived, not as themselves recoverable *eo nomine.* But the distinction does not appear to be

material in this case. There is nothing to show that the wages were not reasonable, and a proper measure of the value of the plaintiff's time." That statement is applicable to the error in the ruling in the case at bar. It did not affect the substantial rights of the plaintiff. The findings made by the judge rightly interpreted mean that the fair value of the loss of use of the plaintiff's automobile while being repaired was the hire paid for the one to take its place, and that such hire so paid was reasonably economical and necessary and was a damage likely to result according to the common experience of mankind from damage to the plaintiff's automobile. Apparently the only evidence as to the fair value of the use of the plaintiff's automobile while being repaired of its damage caused by the negligence of the defendant was that as to the hire of the substitute automobile. It seems obvious that the result would have been the same if the strictly correct rule of law had been followed. Therefore the erroneous ruling has done the defendant no harm and there ought to be no new trial. *Smith* v. *Commonwealth,* 210 Mass. 259, 262. *Freeman* v. *Robinson,* 238 Mass. 449 and cases collected at page 452.

*Order dismissing report affirmed.*