Jones, P. J.
This is an action of contract for breach of warranty, and the declaration in substance alleges the defendant owned and conducted a bakery; that the plaintiff *39 bought from said defendant certain cookies; that there was an implied warranty that said cookies would prove to be in good and wholesome condition and fit to eat; that said cookies were not in a wholesome condition and contained a nail; that in eating the same the plaintiff bit into a cookie and injured a bridge cap and chipped a tooth on a nail embodied in such cookie.
Defendant’s answer is a general denial and contributory negligence.
It was agreed that proper notice of the breach of warranty was given to the defendant.
Also it was agreed that the defendant conducted and controlled a store, in which was a cookie department, at Kearney Square and Bridge Street, in Lowell.
The cookie with the embedded nail was introduced in evidence. There was also evidence that on the day in question, February 25, 1937, the plaintiff’s wife testified that she bought the cookie at the place of business of the defendant and also went to the City Public Market. There was evidence by the defendant that never during the last seven years have they sold cookies such as the plaintiff claimed she bought; that they did not see the plaintiff’s wife buy cookies at their store and they do not sell cookies like the one in question.
At the request of the plaintiff the court ruled,
1. That the wife may be the agent for her husband in the purchase of household necessities and for food.
2. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller’s skill and judgment, there is an implied warranty that the goods shall be reasonably fit for such purpose.
*40 3. The presence of a foreign substance in food for human consumption, is a breach of warranty of the contract between the seller and the purchaser, on the part of the seller, where the buyer has relied on the seller’s skill and judgment.
The fourth request made by the plaintiff was,
“The evidence warrants a finding for the plaintiff.”
The court disallowed this request and the case is before us solely on the refusal of this request.
The evidence on the facts warranted a finding either for the plaintiff or the defendant. The finding was for the defendant. We do not think that the plaintiff was entitled to a review as a matter of right for the failure of the trial judge to give this ruling. If the trial judge had believed the evidence in favor of the plaintiff he would undoubtedly have made a finding for the plaintiff. As it is he found for the defendant. The ruling requested is wide enough to cover all the evidence that was given in the case and, taken as a whole, the evidence in favor of the plaintiff and the evidence in favor of the defendant, the court could, if the evidence for the plaintiff was not believed, very well refuse the ruling requested. The form of this ruling requested it is to be noted, is different from that in the case of Bresnick v. Heath, 1935 Mass. Adv. Shts. p. 2297, where the request was,
“7. There is evidence to warrant the court to find for the plaintiff.”
In this request the evidence favoring plaintiff was selected as affording a basis for a finding for the plaintiff, whereas, in the case at bar, the request in effect asks for a ruling that the evidence warrants a finding for either the plaintiff or defendant. It was so comprehensive that it included the evidence both in favor and against the plaintiff’s contention *41 and we think the judge was perfectly justified in not giving this request, if he misbelieved the plaintiff’s evidence. However this may be, we think the case should be disposed of as was Freeman v. Robinson, 238 Mass. 449, even if there was error on the part of the judge in failing to grant the plaintiff’s requested ruling. The finding by the court upon the facts stated is justified by the defendant’s evidence; and a question of fact was involved in the decision of the case, and that the trial court followed one of two logical conclusions regarding the evidence introduced. It is, therefore, manifest that a just decision was reached in the case.
Further than this, Rule XXVII of the Rules of the District Courts, 1932 Ed. provides that “no review as of right shall lie to the refusal of a request for a ruling ‘upon all the evidence’ in a case admitting of specification of the grounds upon which such request is based, and then only upon the ground so specified.” Forbes v. Gordon-Gerber, Inc., Mass. Adv. Shts. 1937, p. 1055, 1059; s. c. 1937 A. D. R; 121, and cases there cited. Holton v. American Pastry Products Co., 274 Mass. 268.
The plaintiff is not entitled to any review as of right to the failure of the court to give this fourth request, because of the failure to specify in some way the evidence upon which he relied for the granting of such request.
Report dismissed.