Wilson, J.
This is an action of tort for personal injuries alleged to have been sustained when an automobile, operated by the defendant, is claimed to have collided with the plaintiff who was riding a bicycle. The answer is a general denial and alleges contributory negligence on the part of the plaintiff.
The evidence was sharply conflicting but taken in its aspect most favorable to the prevailing party, it tended to show that the defendant was driving along on the right hand side of the street at a speed of about twenty to twenty-five miles per hour; that he saw the plaintiff and another boy on. a bicycle; that when about sixty feet from the bicycle he slowed down to about fifteen miles per hour; that when about eight feet from the bicycle the boy cut across directly in front of him without giving any signal; that he *350 jammed on his brakes and pulled to the left, coming to a stop with his left wheel against the left curb on the street; that the plaintiff did not fall off the bicycle but circled around and said, “Sorry, Mister, it was all my fault;” that the defendant’s car did not at any time come in contact with the boy or the bicycle.
There was also evidence which, if believed, tended to show that the plaintiff started across the street when the defendant was two hundred feet away, and that when about three feet beyond the center of the street the car collided with the bicycle, causing the injuries complained of.
The plaintiff presented two requests for rulings.
1. The evidence warrants a finding for the plaintiff.
2. The evidence warrants a finding that the defendant was negligent.
Both said requests were refused in open court at the time of the trial and the court at that time said:
“The case resolves itself into a question of who is the court going to believe; whether the plaintiff’s witnesses or the defendant’s, together with the question of who has sustained the burden of proof.”
The court made no written findings of fact.
The rulings here requested are very similar to that discussed in Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, 2301, where the court said:
“The plaintiff was seeking a ruling that there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested rulings had become irrelevant.”
See also Strong v. Haverhill Electric Company, Mass. Adv. Sh. (1938) 345, and cases there cited.
These requests were in proper form and the court was required to give them or put himself within the rule quoted.
*351 It is urged that there was reversible error here because the trial court, although refusing to rule as requested, did not make any written findings of fact so as to bring his action within the rule of Bresnick v. Heath.
There is nothing in our practice requiring the trial judge to reduce his findings to writing. However, in the interest of accuracy, it is the better practice to do so. District Court Rules (1932) XXVIII requires that “the written decision or finding filed by the trial justice shall be incorporated in all draft reports and reports.” And the oral comment or finding of the judge is incorporated in the report and therefore is before us for our consideration. Davis v. Boston Elevated Railway, 235 Mass. 482, 495.
In the instant case it is not disputed but is admitted that the recital of his finding contained in the report is. a true one. We are not then concerned as to the accuracy of the report of said finding.
The only question for our decision is whether the oral comment or finding was sufficient to satisfy the rule of Bresnick v. Heath and Strong v. Haverhill Electric Company, above referred to. We are of opinion that it does. The trial judge showed he was keenly alive to the "issues in the case, namely, the credibility of the witnesses and whether the burden of proof had been sustained. It is apparent that by refusing said requests the judge did not intend to rule that there were no issues of fact to be considered by him.
The report, taken as a whole, shows that the case presented only a question of fact and the trial judge so regarded it.
The failure to give the plaintiff’s requests was at most harmless error. Freeman v. Robinson, 238 Mass. 449, 452. Antokol v. Barber, 248 Mass. 393, 398.
No prejudicial error appears and the report is dismissed.