Robbins, J.
This is an action of tort arising out of an automobile collision in which plaintiff’s truck was damaged. The trial court found for the plaintiff, and no question as to liability is raised in the report, which brings before us only questions as to damages.
During the trial the defendant objected to several questions which were admitted, to which admissions the defendant duly claimed reports. All of these questions related to damages and the answers thereto given by the witnesses formed the basis of the damages found by the court.
The defendant also filed fourteen requests for rulings and now claims to be aggrieved by the trial court’s action on requests numbered 6, 8, and 14, which with the court’s rulings thereon is as follows:
“6. The Plaintiff cannot recover for loss of profits in his business which may result from damages caused to his motor vehicle in an accident.
*320 Granted as to any conjectural, estimated or uncertain profits.
“8. The Plaintiff cannot recover the amount paid for hire of another motor vehicle to take the place of his motor vehicle while it is being repaired.
Granted, unless Court finds reasonably necessary.
“14. The Plaintiff cannot recover loss of anticipated revenue in his business which may result when damage is caused to his motor vehicle in an accident.
Granted, as to anticipated, conjectural or uncertain revenue.”
The findings of the trial court contain the following:
“I find that defendant (should read ‘plaintiff’) was employed by the Commonwealth, working with one Alphonse A. Menoche, in caring for a section of State Highway, clearing the roads and sanding them as weather conditions require. By reason of defendant’s negligence, plaintiff was deprived of the use of his motor vehicle for plowing, scraping and sanding the highways from March 9th to March 16th, 1939, inclusive. The defendant seasonably objected to the admission of any evidence for loss of use of plaintiff’s motor vehicle, and to any evidence of payment made for a hired truck, and took exceptions to the court’s ruling that such evidence might be admitted under the authority of Antokol v. Barber, 248 Mass. 393, et seq.
“I find that on March 9th, 1939, the date of the damage to plaintiff’s vehicle, highway conditions requiring immediate attention, the plaintiff made an honest effort to provide a truck and paid one Cleveland $18.00 for the use of a truck that day.
“I find, in the words of Chief Justice Pugg, in the case just cited, ‘that such hire so paid was reasonably economical and necessary and was a damage likely to result according to the common experience of mankind from damage to the plaintiff’s automobile.’
“I further find that the plaintiff’s truck could have been used with Mr, Menoche upon the highways, except *321 for defendant’s negligence, in plowing on March 12th, 13th, and 14th, 41 hours at $2.50 per hour, or $102.50, and in sanding on March 13th, 14th, and 16th, 12 hours at $2.00 per hour, or $24.00, that the plaintiff thus actually lost a total of $126.50' by reason of defendant’s negligence, excluding all uncertain or conjectured profits. I find that repairs to plaintiff’s automobile were made as promptly as could reasonably be expected and that no effort was made to enhance or exaggerate plaintiff’s damages.
“There was testimony by Mr. Menoche of contracts with the Board of Public Works representing The Commonwealth that work in keeping open the public ways during the winter season is imperative and mandatory and this is of consequence in this case only as showing the good faith of the plaintiff in providing a truck to replace the damaged vehicle on the date of the accident. Mr. Menoche testified that there was work in sanding the highways that day for 5 hours, which would have given the plaintiff, at $2.00 per hour, the sum of $10.00. Since he provided a truck for which he paid $18.00,1 exclude what he would have earned on that day.
“I therefore find for the plaintiff as follows: Repairs to motor vehicle, $79.95 ; Hire of truck on March 9th, $18.00; Loss of use of truck, plowing, $102.50 ; Loss of use of truck, sanding, $24.00; making a total of $224.45.”
We are of the opinion that the trial judge’s rulings on the 6th, 8th and 14th requests were correctly based on Antokol v. Barber, 248 Mass. 393, and that the defendant is not aggrieved thereby. That case set forth the correct rule of damages in cases like the case at bar, and we believe the trial judge applied it rightly to the 6th, 8th, and 14th requests.
What has been said of these rulings disposes of most of the grievances claimed for admission of evidence, because the evidence was admitted to prove the damages to which the plaintiff was entitled. The only evidence admitted not *322 so disposed of is that relating to delay in repairing the truck, the gist of which was that the witness said that the insurance company caused delay, and then changed his testimony by saying that a certain Mr. McGrath, not the insurance company, requested delay. 'Such testimony was hardly prejudicial 'to the defendant, and certainly was not at all so when considered in connection with the finding of the trial court that repairs to the plaintiff’s automobile were made as promptly as could reasonably be expected.
The report is to be dismissed.