ROLLINS, J. (Estes, A. P. J., and Rowe, J.)
The report of this case to this Appellate Division states “.This is an action of tort in which the plaintiff asks to recover damages alleged to have been done to his property as a result of the alleged negligence of the defendant.”' Neither the plaintiff’s declaration, nOr any part of it, is set forth in the record.
The evidence tended to show that the plaintiff conducted an oil business and that one of his oil trucks was involved in a collision with another truck driven by the defendant.
There was damage done to the plaintiff's truck and evidence was offered, without objection, to the effect that the cost of repairing such damage was $59.40.
John L. O’Sullivan, Jr., a witness called by the plaintiff, testified he was manager of the plaintiff’s business; that the plaintiff’s truck was disabled because of the damage done it in the collision. A necessary inference from his testimony was that the injured truck could not be used to transport oil while it was being repaired.
He also testified that no other truck was procured or hired to take the place of the damaged truck while .repairs were being made on it, but that the plaintiff or his employees simply used the trucks they had and worked the employees overtime.
On direct examination this witness was asked the following question: “What was the expense of overtime made necessary by the accident?” This question was admitted over the objection of the defendant, and the defendant claimed a report on the Court’s ruling. The witness answered “$50.” The Court found for the plaintiff in the amount of $110.
It was stipulated by the parties that if the above question and answer were wrongly admitted, the finding for the plaintiff should be vacated and judgment entered for the plaintiff in the amount of $59.50 damages and costs..
The allegations of the plaintiff’s damages in this case are general, and are, in substance, exactly the same as those in Anto\ol v. Barber, 248 Mass. 393, and the rules of law there set forth govern here.
A general allegation of damages is sufficient to enable a plaintiff to recover all damages which are the natural or necessary consequences of the cause of action stated. But when special or peculiar damages are claimed it is necessary to aver them specifically, The underlying and sound justification for *58 this rule is that the defendant ought to be guarded against surprise at the trial by evidence tending to prove damages of which he had no previous notice—Antokol v. Barber, supra.
The allegation of damage to the plaintiff’s truck implies not only expense of repair but also loss of use while the harm caused by the collision is being mended.
In absence of an allegation of special damages, the plaintiff was entitled to recover as one element of damage, the fair value of the use of his truck while it was being repaired. Antokol v. Barber, supra.
Applying these rules of ..law to the instant case it is clear that the question and answer were improperly admitted.
If the plaintiff’s damages consisted of the amount of “overtime” wages paid his employees, or, more strictly, what such “overtime” services were reasonably worth, then they were “special” or “unusual” damages and since not averred in the declaration, not provable, or admissible in evidence.
The . question and answer in no way tended to prove the fair value of the use of the truck while it was being repaired.
The admission of the question and answer was prejudicial error.
In accordance with the stipulation the finding for the plaintiff is ordered vacated and judgment is to be entered for the plaintiff in the amount of $59.50 damages and costs.