*Northern District*

No. 8079

BARBARA J. COFFIN

*v.*

D. & R. DISPOSAL, INC.

Argued: June 28, 1973 Decided: Nov. 19, 1973

*Present:* Cowdrey, P.J., Flaschner, C.J., and Flynn, J.

Case tried to *Larkin, J.* in the District Court of Newton: No. 27722.

**Cowdrey, P.J.** This case was transferred from Middlesex Superior Court under the provisions of c. 231, § 102C to the District Court of Newton for trial. It is an action in tort, reported to the Appellate Division as a ''Case Stated,'' to recover $360.00 for loss of use of her motor vehicle resulting from an accident which occurred on June 15, 1972, when her vehicle was run into and damaged by a truck — a commercial vehicle-owned by the defendant and operated by its agent.

The plaintiff claimed to be aggrieved by the trial court's finding for the defendant and by its denial of five of her requests for rulings.

It appears from the relevant facts that the plaintiff was in the exercise of due care, that the negligence of the defendant was the proximate cause of the accident and that the plaintiff's damage for loss of use of her vehicle was in the amount of $360.00. It appears further that the plaintiff accepted the sum of $858.67 in full satisfaction of the physical damage to her vehicle, endorsed the check in payment of this amount with the words, ''in satisfaction of all claims'' and that the plaintiff refused loss of use coverage which was offered to her as a part of her own motor vehicle compulsory property protection insurance.

This case was presented to the trial justice as a ''case stated.'' It is the duty of the

trial justice to order the correct judgment on the "case stated." *Rogers* v. *Attorney General and others,* 347 Mass. 126, 130; *Richard D. Kimball Co.* v. *Medford,* 340 Mass. 727, 728, 729; *Caissie* v. *Cambridge,* 317 Mass. 346, 347; *General Motors Acceptance Corporation* v. *J. & F. Motors, Inc.,* 34 Mass. App. Dec. 160. 24 LEGALITE 341.

We think that he did so in finding for the defendant.

The issue before us is whether the plaintiff may recover damages for loss of use of her vehicle in the light of the provisions of St. 1971, c. 978, § 1, which was inserted in G.L. c. 90 as § 34 O, to the same extent as she might have recovered such damages prior to the enactment of said Chapter 978.

We answer in the negative. Said Chapter 978 entitled, "An Act Providing for Compulsory Property Protection for All Registered Motor Vehicles", applies to every person having in force a motor vehicle liability policy or motor vehicle liability bond as defined in § 34A of said Chapter 90.

While the report is unclear as to whether the plaintiff and/or the defendant were persons "having in force a motor vehicle liability policy or bond as defined in said Section 34A" we shall, for the purpose of this opinion, assume, as the trial court apparently did, that they are persons included within the sweep of said Chapter 978.

St. 1970, c. 670 provides for a limited No-Fault recovery plan for out-of-pocket losses sustained in personal injury cases as a result of motor vehicle accidents. St. 1971, c. 978 extended the principal of ''No-Fault'' to property damage cases and in general provides that every person having a policy or bond as defined in G.L.c. 90, § 34A (personal injury protection) must also maintain either property protection insurance or a bond providing equivalent benefits.

Besides providing some liability benefits property protection insurance is required to provide the insured with protection under 1 of 3 Options with respect to his own automobile.

The Act further provides, ''every owner, authorized operator or other person legally responsible for the operation of any vehicle to which this section applies. . . . . .shall be exempt from all liability every property protection insurance policyholder and his insurer might otherwise have been entitled to claim, by subrogation or otherwise, for accidental loss of, or damage to, any vehicle to which this section applies. This exemption from liability shall not affect tort rights and subrogation rights therein against persons not so exempt.''

We must consider whether the words, ''loss of, or damage to any vehicle to which this sec-

tion applies'' includes damage for loss of use.

It has long been established in this Commonwealth that in an appropriate case a plaintiff may recover not only actual expenses of repairing the damage caused by the defendant's negligence, but also the fair value of the use of the vehicle while it was being repaired and such damage for loss of use may be recovered under a general allegation by the plaintiff in an action for property damage, that his automobile was greatly damaged. *Antokol v. Barber,* 248 Mass. 393, 396.

Said Chapter 978 provides that every insurer shall offer additional coverage, optional to the policyholder, for resulting loss of use of the insured vehicle. We deem this provision to be a legislative determination that such loss shall not be compensable under the language of the Act exempting policyholders for ''loss of or damage to any vehicle'' but preserves the right of all assureds to protect themselves from such loss, if they so choose by buying coverage for loss of use.

The plaintiff did not exercise her option to purchase such coverage and the defendant, by the express language of the Act is exempt from *all* liability. . . . . . ''for accidental loss of or damage to any vehicle'' to which the Act applies. This exemption includes loss of use which is part of the loss of or damage to the vehicle.

 The plaintiff argues without reference to or citation of authority, that "because of the exception in the Act (St. 1971, c. 978) which excludes accidents of two or more vehicles where one of them, at least, is a commercial vehicle" that she may prosecute her action for loss of use of her motor vehicle to the same extent as she could have done before the enactment of said Chapter 978.

We are unable to find any such exception. It would appear that the plaintiff has reference to and misconstrues that provision of the Act which relates to the right of subrogation among property insurance policyholders and their insurers in cases where two or more vehicles are involved and at least one is not a vehicle within the private passenger classification fixed from time-to-time by the Commissioner of Insurance.

We find no authority nor has our attention been directed to any which is dispositive of the issue at bar.

There being no prejudicial error, **the report is dismissed.**

M.H. CRAMER,
of Boston for the plaintiff
RICHARD A. WINSLOW,
RICHARD F. DACEY, BOTH
of Boston for the defendant