Gershengorn, J.
This matter comes before the court on defendant, James J. Long, Jr.’s, motion in limine to exclude evidence of lost profits suffered by plaintiff, James Pacy, as a result of defendant’s alleged legal malpractice. For the reasons set forth below, defendant’s motion is ALLOWED.
BACKGROUND
Plaintiff retained defendant’s services in connection with a personal injury claim instigated against him[2] in 1988 by Kenneth Ripley (the Ripley litigation). Plaintiff claims that defendant negligently represented his interests in the Ripley litigation. That case was tried in the Superior Court (Zobel, J.) in 1989, and judgment was entered against all defendants for the amount of $350,000 plus interest.[3] Plaintiff now alleges that due to the judgment in the Ripley litigation, his properties and business were placed in receivership, he was prevented from obtaining financing and ultimately experienced a loss of business profits.
Plaintiff, however, failed to identify lost profits as an element of damages in either his initial or amended complaint. Nor was a claim for lost profits included in plaintiffs 93A demand letter, which specifically spelled out plaintiffs alleged damages. In his answers to interrogatories, filed in December of 1992, plaintiff indicated he was in the process of calculating his damages, and would supplement his answer. Discov-eiy was extended through February 17, 1995, a date which passed without plaintiff filing any supplemental answers to interrogatories.
On March 7, 1995, this court (McHugh, J.) entered an Order compelling plaintiff to answer the certain interrogatories within 20 days, including the extent of plaintiffs damages. Plaintiff failed to comply with this court’s Order within the time allotted. In fact, plaintiff did not supplement his answers to interrogatories at all until November 4, 1995. A claim for lost profits was included in the supplemental answers.
Finally, and most recently, plaintiff failed to comply with this court’s (Gershengorn, J.) order to disclose plaintiffs expert witness by November 10, 1995.
Defendant now asks in his motion in limine that all evidence of the alleged lost profits be excluded from trial.
*447 DISCUSSION
In a legal malpractice action, an attorney maybe held liable for any reasonably foreseeable loss caused by his or her negligence. Fishman v. Brooks, 396 Mass. 643, 646 (1986). Lost profits, however, are a form of special damages. See Anthony’s Pier Four, Inc. v. HBC Associates, 411 Mass. 451, 479 (1991). Special damages, unlike general damages, are those damages which are not the natural and necessary consequence of a cause of action. In Massachusetts, special damages must be specifically averred. Mass.R.Civ.P. 9(g); Antokol v. Barber, 248 Mass. 393, 395 (1924). Rules of specific pleading guard a defendant against surprise at trial by evidence tending to prove damages of which he had no prior notice and would not normally be implied from the facts set forth in the complaint. Antokol, supra at 395; Mass.R.Civ.P. 9, Reporters’ Notes.
It was not until a September 15, 1995 deposition that defendant learned of a potential claim of lost profits, three years into this litigation. Defendant would not otherwise have known about this claim, as it was not an element of damages averred in the numerous pleadings and documents served on him. Because plaintiff failed to put defendant on notice of the additional amount of damages, this court -will not allow any evidence of the alleged lost profits to be presented at trial.
Furthermore, in order to be recoverable in Massachusetts lost profits must be: 1) within the contemplation of the parties at the time of contracting; 2) the natural, primary and probable consequence of the breach; and 3) not so uncertain or contingent as to be incapable of reasonable proof. Gagnon v. Sperry and Hutchinson Co., 206 Mass. 547, 555 (1910).
As discussed above, lost profits due to an inability to secure financing and receivership are not the natural and primary consequence of an attorney’s alleged negligence. Moreover, it has not been shown that recovery of such was contemplated by the parties at the time they contracted for representation. Finally, plaintiffs statement that he may have been able to build three houses given the economic downturn during that period is too speculative for purposes of establishing damages.
Finally, this court is empowered by Mass.R.Civ.P. 37(b)(2) to impose sanctions for the failure of a party to comply with an order to compel discovery. The rule provides that a court may prohibit a disobedient party from introducing evidence on a designated matter. Mass.R.Civ.P. 37(b)(2)(B). Discoveiy sanctions under Rule 37 afford a judge broad discretion to impose whatever sanctions are in order to ensure an efficient discovery process. Campana v. Board of Directors of the Massachusetts Housing Finance Agency, 399 Mass. 492, 503 (1987). Plaintiffs conduct in ignoring discoveiy deadlines imposed upon him by this court justify the exclusion of any evidence offered in support of a claim for lost profits.
ORDER
For the reasons set forth above, defendant’s motion in limine to exclude evidence of plaintiffs alleged lost profits is ALLOWED.

Plaintiff was a codefendant in Ripley litigation.

Plaintiffs memorandum indicates he “ultimately settled the case for $316,000" after judgment was entered at trial. It is not clear to the court which amount plaintiff was responsible for paying.