EMELINE JORDAN *vs.* MIDDLESEX RAILROAD COMPANY.

Suffolk. Nov. 14, 1884. — Jan. 10, 1885. · FIELD, DEVENS, & COLBURN, JJ., absent.

In an action by a married woman, living with her husband, for personal injuries sustained by her, she is entitled to recover for the diminution of her capacity to labor, resulting from the injuries.

TORT for personal injuries. Trial in the Superior Court, before *Mason*, J., who allowed a bill of exceptions, in substance as follows :

There was evidence tending to show that the plaintiff was a married woman, living with her husband; and that, besides doing ordinary housework, she took in sewing, the proceeds of which she applied to the support of the family of her husband.

The plaintiff's counsel contended that she had been earning about $200 per year in addition to her board; and that the jury should find a verdict of such an amount as, put at interest, would, allowing the term of life probable for the plaintiff to be sixteen years, equal $3000 or $4000.

The defendant contended that the plaintiff's future earnings would be the property of the husband; and asked the judge to give the following instructions to the jury : " 1. The plaintiff cannot recover for loss of earnings in the past, nor can the jury give her a sum, as asked for by her counsel, which, when put at interest, will bring to her an amount equal to her earnings. 2. The plaintiff's earnings, past and future, belong to her husband, and can only be recovered by him in an action which he is entitled to bring. 3. The plaintiff is not entitled to a sum that will equal her future earnings, or will bring to her a sum equal to her future earnings. 4. The plaintiff cannot be allowed any sum for or on account of the probable loss of future earnings, she having a husband."

The judge refused to give these instructions, but instructed the jury as follows : " If you find that the plaintiff is entitled to recover, she is entitled to recover for the pain she has suffered, both physically and mentally, and for the impairment of her ability to labor. No claim is made for loss of time or

expenses of sickness, and in no event can the jury award any-thing for either; but the plaintiff's capacity to earn is her own, and, if entitled to recover at all, she is entitled to recover for any diminution of her capacity to labor that is shown to have resulted from the injury; and this is to be determined upon the whole evidence, and not by any special theory of computation suggested by counsel."

The jury returned a verdict for the plaintiff, in the sum of $3651.83; and the defendant alleged exceptions.

*L. M. Child*, for the defendant.

*S. B. Allen*, (*J. H. Appleton* with him,) for the plaintiff.

W. ALLEN, J. The instructions given state clearly the correct rule of damages, and contain all that the defendant asked for, except the proposition, which the court properly refused to give to the jury, that the earnings of the plaintiff belonged to her husband. See Pub. Sts. *c.* 147, § 4.

*Exceptions overruled.*