Mary E. Millmore *vs.* Boston Elevated Railway Company.

Suffolk. March 16, 1908. — April 4, 1908.

Present: Knowlton, C. J., Morton, Hammond, Loring, & Sheldon, JJ.

*Damages,* For impaired capacity to labor. *Declaration,* Allegation as to damages.

In an action of tort by a married woman to recover damages for a personal injury, an impairment of her capacity to perform labor may be considered as an element of damage, whether she ever has worked or not, and although the declaration alleges merely that she suffered "great and severe bodily injury and anguish of mind."

Tort for personal injuries alleged to have been received by the plaintiff through her being thrown to the ground by reason of negligent operation of a car of the defendant upon which she was a passenger, as she was alighting. Writ in the Superior Court for the county of Suffolk dated September 15, 1903.

There was a trial before *Lawton,* J., and evidence tending to show that, because of being thrown, the plaintiff's collar bone was broken and her shoulder dislocated. The evidence as to the extent and duration of the disability was conflicting. Other facts are stated in the opinion.

The presiding judge charged the jury, with regard to the ques-

tion of damages, that, if the plaintiff was entitled to recover at all, "she is entitled to recover compensation for the pain and suffering which she has experienced, and for the impairment of her capacity as a laboring woman. She is entitled to that compensation although — that impairment of her capacity as a laboring woman, she is entitled to that compensation, although, as a matter of fact, she is a married woman, and at the time, and so far as we can say for all the rest of her life she is not obliged to support herself." There was a verdict of $4,000 for the plaintiff, and the defendant alleged exceptions.

*S. H. E. Freund*, for the defendant.

*J. H. Vahey*, (*P. Mansfield* with him,) for the plaintiff.

HAMMOND, J. In this Commonwealth it is settled that, in an action by a married woman to recover damages for a personal injury, an impairment of her capacity to perform labor may be considered as an element of the damages. *Jordan* v. *Middlesex Railroad*, 138 Mass. 425. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100. *Nolin* v. *Pearson*, 191 Mass. 283. The reasoning upon which the doctrine is based shows that the principle is applicable whether she ever has worked or not. *Harmon* v. *Old Colony Railroad, ubi supra*, pp. 104, 105.

It is argued however by the defendant that, even if this be so, yet the declaration in this case is not broad enough to cover such an element of damages. The declaration states that by reason of the accident "the plaintiff was thrown to the ground and caused to suffer great and severe bodily injury and anguish of mind." It is to be noted that there is no claim in this case that the plaintiff was engaged in any special calling or occupation. The only claim is for such damage as is the natural and necessary result upon one's capacity for labor of such a bodily injury as she received. Whatever may be the practice elsewhere, we think that in this Commonwealth it has been the practice to allow the jury under an allegation like this to take into consideration as an element of damages, not only the actual pain resulting from a physical injury, but also the impairment, if any, which is the manifest and necessary result to an ordinary person of such an injury. In *Baldwin* v. *Western Railroad*, 4 Gray, 333, evidence that the plaintiff was educated and a school teacher was held to have been wrongly admitted upon the question of

damages, the declaration alleging only that she received great hurt and damage. Bigelow, J., in giving the opinion, hints at the proper distinction when he says, "In the present case, the evidence offered by the plaintiff to show her education and learning, and that she was a school teacher, could have had no relevancy or application to the question at issue between the parties, except as forming the basis on which special damages were to be assessed for the injury of which she complained. It did not tend to show an injury falling within the class of general damages. That class includes only such damages as any other person, as well as the plaintiff, might, under the same circumstances, have sustained, from the acts set out in the declaration." See also, as bearing generally upon the subject, *Brown* v. *Cummings*, 7 Allen, 507, and cases therein cited; 1 Chit. on Pl. (16th Am. ed.) 411, 412, and authorities cited in the notes; *Prentiss* v. *Barnes*, 6 Allen, 410; *Tyson* v. *Booth*, 100 Mass. 258.

*Exceptions overruled.*