MARY ACKERLY *vs.* BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.     March 5, 1931. — March 6, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Damages*, In tort. *Practice, Civil*, Requests, rulings and instructions.

Where, at the hearing in a district court of an action of tort by a woman against a street railway company for personal injuries, the judge ruled that she was entitled "to . . . compensation for probable impairment of future earning capacity," it was not error to refuse further to rule that she was entitled "to fair compensation for all loss of earning capacity resulting from the accident, and this irrespective of whether at the time of the accident she was actually profitably employed."

At such trial the judge properly refused to rule that the plaintiff was entitled to reimbursement for all expenses incurred by her as a result of the accident; such a ruling would have been too broad.

TORT for personal injuries. Writ in the Municipal Court of the City of Boston dated November 21, 1928.

Rulings and refusals to rule by the judge at the trial in the Municipal Court are stated in the opinion. There was a finding for the plaintiff in the sum of $250 and the action was reported to the Appellate Division. The report was ordered dismissed. The plaintiff appealed.

*J. Finnegan*, for the plaintiff.

*D. L. Martin*, for the defendant.

RUGG, C.J. This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant while she was a passenger on one of its cars. There was evidence tending to show that the plaintiff was a housewife living with her husband and that she sustained injuries. The finding was for the plaintiff.

The trial judge granted requests of the plaintiff to the effect that she was entitled (10) to damages which would "fairly compensate her for all loss and injuries suffered by her as a result of the accident," (11) to "fair compensation for all the pain and suffering, physical and mental, which she has endured or will endure as a result of the accident," (15) "to compensation for mental suffering, nervousness and hysteria, resulting from, and jar to her nervous system due to the trauma received at the time of the accident," (16) to compensation "for the natural and probable consequences of an injury caused by negligence, though the precise form in which it resulted was unperceived," and (17) "to . . . compensation for probable impairment of future earning capacity." There was no error in refusing request 14 to the effect that the plaintiff was entitled "to fair compensation for all loss of earning capacity resulting from the accident, and this irrespective of whether at the time of the accident she was actually profitably employed." The ground of this request was covered with sufficient fulness by request 17 which was granted. There is nothing in the record to indicate that all rights of the plaintiff were not fully protected in this respect. *Millmore* v. *Boston Elevated Railway,* 198 Mass. 370. *Koch* v. *Lynch,* 247 Mass. 459. Request 13, to the effect that the plaintiff was entitled to reimbursement for all expenses incurred by her as a result of the accident, was too broad and was rightly denied. It would include counsel fees and other disbursements not recoverable under the laws. *Ballou* v. *Farnum,* 11 Allen, 73, 77. *Newton Rubber Works* v. *De Las Casas,* 182 Mass. 436, 438. Request 12 is treated as waived because not argued and request 18 was waived at the argument.

*Order dismissing report affirmed.*