SALVATORE MANGANO *vs.* EVERETT L. MARSTON.

Suffolk.  January 7, 1937. — September 15, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Opinion: expert.

The opinion of an expert as to the boxing ability and prospects of a professional boxer before he received an injury to his hand was admissible on the question of impairment of his earning capacity caused by the injury.

TORT.  Writ in the Superior Court dated June 28, 1932.

The action was tried before *Goldberg,* J.  There was a verdict for the plaintiff in the sum of $1,175.  The defendant alleged exceptions.

*T. H. Mahony,* for the defendant, submitted a brief.

*T. Bresnahan,* (*I. I. Spiel* with him,) for the plaintiff.

DONAHUE, J.  One of the hands of the plaintiff, who among other pursuits was a professional boxer, was injured in the collision of two automobiles which, as the evidence warranted finding, was caused by negligence of the defendant.  There was a verdict for the plaintiff.

Two witnesses called by the plaintiff were found by the trial judge, without objection or exception of the defendant,

to be qualified to testify as experts. One testified that prior to the plaintiff's injury he was "promising . . . as a fighter" and the other that he was "a very good looking prospect as a professional fighter." To this testimony the defendant took exceptions and these are the only exceptions here presented.

The defendant cannot, and does not, now contend that the witnesses lacked the qualifications to express an opinion on the matter in question. *Guinan* v. *Boston Elevated Railway*, 267 Mass. 526. His contention is that the subject of the expert testimony here admitted was within the common knowledge of the jury and therefore that the testimony of the expert witnesses should not have been admitted.

There was evidence which if believed warranted the finding that by reason of his injury the plaintiff's ability to box was seriously impaired. For any impairment to his ability to earn money as a boxer resulting from negligence of the defendant he was entitled to be compensated. One factor in determining the extent of such impairment was the ability as a boxer which the plaintiff possessed before his hand was injured. The testimony of the expert witnesses was descriptive of his boxing ability at that time.

In order properly to draw a conclusion as to his ability to earn money as a boxer before the injury, many things would need to be considered. Among them are the type of boxer the plaintiff was, his skill and experience, his strength and endurance, the degree of success he had attained, the ability of other boxers he had encountered and the condition of the boxing industry. The facts from which a proper inference as to his boxing ability could be drawn were within the peculiar field of knowledge and experience of the two witnesses. Each had seen him box many times. For years they had been engaged in promoting boxing enterprises and in managing and training boxers. It cannot be assumed that the bases essential for drawing a conclusion as to the boxing ability of the plaintiff at the time of his injury were within the ordinary experience and knowledge of men in general. The testimony of the expert witnesses was rightly admitted. *Lenehan* v. *Travers*, 288 Mass.

156, 159.   *Jackson* v. *Anthony*, 282 Mass. 540, 544.   *Commonwealth* v. *Russ*, 232 Mass. 58, 74.   *Commonwealth* v. *Spiropoulos*, 208 Mass. 71.   *Roberts* v. *Vroom*, 212 Mass. 168, 169.   *Ouillette* v. *Overman Wheel Co.* 162 Mass. 305, 311.

*Exceptions overruled.*