LOUIS F. DOHERTY *vs.* WALTER F. RUIZ.

Middlesex.    November 9, 1938. — January 10, 1939.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Damages*, For tort. *Practice, Civil*, Auditor: findings, report.

Statement by LUMMUS, J., as to the assessment of damages for impairment of earning capacity through personal injury.

In an action for personal injuries, an auditor's report stating certain facts as to the plaintiff's past employment and prospects for reëmployment, the length of time he would be incapacitated for work, and that he had suffered and would suffer "loss of income," did not purport to state a rule for assessing damages nor show that his assessment of damages was based on an erroneous rule; and the entire report was properly admitted at a later trial.

TORT. Writ in the Third District Court of Eastern Middlesex dated March 19, 1937.

On removal to the Superior Court, the action was referred to an auditor and afterwards tried before *Dowd*, J.

*F. J. Monahan*, for the defendant.

*P. L. Keenan*, for the plaintiff.

LUMMUS, J. This action of tort for personal injury was referred to an auditor, under Rule 88 of the Superior Court (1932). His report set forth that the plaintiff was a chauffeur, twenty-nine years old, and in good health, who had been regularly employed up to November 28, 1936, but was unemployed on February 18, 1937, the day of the injury, although "he expected to be reëmployed by the Dry Ice Company as a chauffeur starting about March 1, 1937." The report set forth that the plaintiff remained in the hospital until April 24, 1937, that his leg would not become

wholly strong until a year or a year and a half after the injury, and that he "suffered loss of income to the present time and will suffer loss of income in the future." The auditor found damages of $4,535.

At the jury trial the defendant asked the judge to strike from the auditor's report the assessment of damages and the passages already quoted, on the ground that the auditor misconceived the measure of damages. The judge refused to do so and permitted the report to be read to the jury in its entirety, subject to the exceptions of the defendant. The jury returned a verdict for the plaintiff for $4,700.

Where the employment of the plaintiff, if he had not been injured, would have continued at a uniform rate of pay during the period of his incapacity, his loss in wages furnishes a practically accurate measure of the injury to his earning capacity. *Braithwaite* v. *Hall*, 168 Mass. 38, 40. *Antokol* v. *Barber*, 248 Mass. 393, 397–398. But loss of wages is not, correctly speaking, an element of damages. The element of damages in question is properly described as compensation for diminution of earning power, or conversely as the value of that part of the plaintiff's capacity to work and earn of which he was deprived. The distinction often has practical consequences. One who would not have worked if he had not been injured may nevertheless recover for his impaired power to work and earn. *Millmore* v. *Boston Elevated Railway*, 198 Mass. 370, 371. *Koch* v. *Lynch*, 247 Mass. 459, 462. One who has lost no wages because his pay has been continued by his employer as a gratuity or as compensation for disability, may nevertheless recover damages for impairment of earning capacity. *Donoghue* v. *Holyoke Street Railway*, 246 Mass. 485, 493. *Shea* v. *Rettie*, 287 Mass. 454. A person may have an earning capacity in excess of the wages paid him in the job that he happens to have at the time of the injury. *Federico's Case*, 283 Mass. 430. On the other hand, the wages then paid him may, because of a business depression or other reason, exceed those which he could earn later if uninjured. *Manley's Case*, 282 Mass. 38. The diminution in earning capacity of the plaintiff himself, and not that of some

standard or normal man in his position, furnishes the test. *Braithwaite* v. *Hall*, 168 Mass. 38, 40. *Stynes* v. *Boston Elevated Railway*, 206 Mass. 75, 76. Impairment of earning capacity which is a natural result of disabling personal injury, is not special damage, and need not be pleaded as such. *Millmore* v. *Boston Elevated Railway*, 198 Mass. 370. *Antokol* v. *Barber*, 248 Mass. 393.

It is not necessary, and usually not proper, for evidence of impairment of earning capacity to take the form of an estimate of the sum that would compensate for the impairment. *Whipple* v. *Rich*, 180 Mass. 477, 479, 480. The assessment of damages for such impairment rests largely upon the common knowledge of the jury or other fact-finding tribunal, sometimes with little aid from evidence. *Cross* v. *Sharaffa*, 281 Mass. 329. But helpful evidence is admissible, although it does not furnish any mathematical valuation of the impairment. The following have been admitted: evidence of earnings before and after the injury (*Murdock* v. *New York & Boston Despatch Express Co.* 167 Mass. 549; *O'Brien* v. *Look*, 171 Mass. 36, 41; *Antokol* v. *Barber*, 248 Mass. 393, 396; *Bagley* v. *Kimball*, 268 Mass. 440; *Hendler* v. *Coffey*, 278 Mass. 339, 342; *Shea* v. *Rettie*, 287 Mass. 454, 456); evidence of occupational education, capacity, duties and experience (*McGarrahan* v. *New York, New Haven & Hartford Railroad*, 171 Mass. 211, 220; *Stynes* v. *Boston Elevated Railway*, 206 Mass. 75, 77; *Halloran* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 132, 133; *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 146; *Mahoney* v. *Boston Elevated Railway*, 221 Mass. 116, 118; *McGlinchy* v. *Henderson*, 240 Mass. 432, 433; *Mangano* v. *Marston*, 298 Mass. 133); and evidence of opportunity for employment and earning lost because of disability. *Halloran* v. *New York, New Haven & Hartford Railroad*, 211 Mass. 132, 133. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 146. *Barrows* v. *Checker Taxi Co.* 290 Mass. 231, 234, 235. *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 222.

In the present case, the auditor found that the plaintiff expected to be reëmployed by a former employer. The

auditor must have found that this expectation had a substantial foundation, else he would hardly have reported it. If it had, it was competent for the consideration of the jury. In *Halnan* v. *New England Telephone & Telegraph Co.* 296 Mass. 219, 222, it was said, "Whether a former employer will or will not again hire an injured employee has evidential significance." The further finding that there had been and would be loss of income, laid down no rule as to the measure of damages. The finding, later in the report, assessing the plaintiff's damages in the amount of $4,535, does not appear "in the report to be based upon an erroneous opinion of law, or upon inadmissible evidence," within G. L. (Ter. Ed.) c. 221, § 56. The whole report was rightly admitted in evidence. Since the auditor was not in error, we need not consider the curing of any error of his in the charge. *Ferrairs* v. *Hewes,* 301 Mass. 116, 121.

*Exceptions overruled.*