ROSE MATLOFF *vs.* CITY OF CHELSEA.

Suffolk. December 5, 1939. — January 27, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, & RONAN, JJ.

*Practice, Civil,* Exceptions: construction of bill, what questions open; Requests, rulings and instructions. *Damages,* For tort. *Evidence,* Of value.

The question, whether, in assessing damages for personal injuries sustained by a married woman, her inability, due to her injury, to perform without compensation her duties as housewife and mother could be considered, was not presented to this court merely by exceptions to the striking out of a question asking her to state the fair value of her work as housewife and mother and her answer stating such a value,

and to the denial of a request for a ruling, stated by her counsel and
assumed by the trial judge to be based on the value so testified to by
her, that she was "entitled to recover for her loss of time from her
duties as housewife and mother."

Upon the question of damages sustained by a married woman, plaintiff
in an action of tort for personal injuries, it was proper to strike out
a question asking her to state the fair value of her work as housewife
and mother and her answer stating such a value, since such question
went beyond the market value of marketable services; and a request
for a ruling, stated by counsel and assumed by the judge to be based
on such testimony by her, that she was "entitled to recover for her
loss of time from her duties as housewife and mother," properly was
denied.

TORT. Writ in the District Court of Chelsea dated
October 23, 1935.

On removal to the Superior Court, the case was heard
by *O'Connell*, J. The record states that the answers to the
questions described in the opinion "were allowed *de bene*."
The request for a ruling there described was numbered 10.
The judge found for the plaintiff in the sum of $2,250 and
filed the following statement of his rulings and findings:
"I have allowed the defendant's motion to strike out certain
questions and answers . . . and I have denied request
numbered 10 of the plaintiff's requests for rulings. In the
award of damages to the plaintiff I have included damage
covering reduced earning capacity. In striking out the
aforesaid questions and answers, I have construed same,
in effect as stated orally by counsel for the plaintiff, namely,
as meeting the issue as raised by the aforesaid request
numbered 10. If it is held that my rulings in striking out
the aforesaid questions and answers, also my denial of
aforesaid request numbered 10, are erroneous, then I fix
the damage that would compensate for loss of time as
claimed by request numbered 10, in the sum of $960 to
which the plaintiff would be entitled in addition to the
award made by me to the plaintiff by my finding in her
favor."

The case was argued at the sitting of the court in Decem-
ber, 1939, before *Field*, C.J., *Donahue*, *Lummus*, *Cox*, &
*Ronan*, JJ., and afterwards was submitted on briefs to all
the Justices.

*J. E. Hannigan,* (*E. M. McMahon* with him,) for the plaintiff.

*M. Wise,* City Solicitor, for the defendant.

LUMMUS, J. This is an action for personal injury resulting from a defect in a way. G. L. (Ter. Ed.) c. 84, § 15. The plaintiff is a married woman, who was accustomed before her injury to spend all her time in caring for her household and family. For fourteen months her injury prevented her from doing so. There was evidence that an impairment of her capacity for work will continue for an uncertain period. The case is here on the plaintiff's exceptions relating to damages.

Though the plaintiff was a married woman, her time was her own, and she had a right to employ it to earn money which she had a right to keep for herself. Whether she actually did so employ her time or not, she was entitled to damages for impairment of her earning capacity. G. L. (Ter. Ed.) c. 209, § 4. *Jordan* v. *Middlesex Railroad,* 138 Mass. 425. *Harmon* v. *Old Colony Railroad,* 165 Mass. 100; *S. C.* 168 Mass. 377. *Millmore* v. *Boston Elevated Railway,* 198 Mass. 370. *Koch* v. *Lynch,* 247 Mass. 459, 462. *Ackerly* v. *Boston Elevated Railway,* 275 Mass. 94. *Doherty* v. *Ruiz,* 302 Mass. 145, 146. The judge, sitting without jury, found in favor of the plaintiff, and said that in awarding her $2,250 as damages he "included damage covering reduced earning capacity."

The parties have argued these exceptions as though they raised the question whether the plaintiff was entitled to have considered, in assessing the damages, her inability, due to the injury, to perform without compensation her duties as housewife and mother. But the exceptions do not present that question.

The plaintiff excepted to the exclusion of questions to the plaintiff, asking her to state the fair value of her work as housewife and mother, to which her answer was taken, "Twenty dollars a week." A party may testify to the value of his services when they have a market value. The questions which were excluded asked the value of all that the plaintiff did as wife and mother in her own house.

Doubtless she did more than she would have done had she been hired to work in another family on a time basis, and more than she would have been paid for under such a hiring. The questions went beyond the market value of marketable services, and in effect invited the plaintiff to assess her own damages for incapacity not shown to be measurable by any standard of market value. *Whipple* v. *Rich*, 180 Mass. 477, 479, 480. *Doherty* v. *Ruiz*, 302 Mass. 145, 147. The questions were properly excluded.

The plaintiff excepted also to the refusal of a requested ruling "that the plaintiff is entitled to recover for her loss of time from her duties as housewife, and mother caring for her child." In the opinion of a majority of the court, this request was not adapted to present the question, already stated, that the parties have argued. It posited the loss of time stated, as capable of appraisal on a time basis, in the same way as loss of time from employment where compensation bears close relation to the time devoted to the employment. Counsel for the plaintiff said at the trial in substance that this request was based upon the appraisal by the plaintiff of the fair value of her household work at $20 a week, and the judge so treated it. The judge was justified in construing the request as counsel who presented it construed it. So construed, the request declared that the plaintiff had a right to an award based upon that appraisal, and had no application to the right of the plaintiff in general to an award of damages for the inability of a married woman to perform without compensation her duties as housewife and mother in her own house. Since it was inappropriate to the case, as the case stood after the appraisal at $20 a week was properly excluded, there was no error, in the opinion of a majority of the court, in refusing to give the request.

The additional award of $960 made by the judge, even if taken to be for inability to perform duties as housewife and mother, was conditioned upon a possible subsequent holding by this court that he was in error both in excluding the questions to the plaintiff and also in refusing the requested ruling. He was in error in neither. The additional

award was based, so far as appears, solely upon the answer taken to the excluded questions. That additional award never became effective.

*Exceptions overruled.*