ANNIE WILLIAMSON *vs.* LOUIS FEINSTEIN, administrator.

ADAM WILLIAMSON *vs.* SAME.

Suffolk.    February 4, 1942. — April 1, 1942.

Present: FIELD, C.J., QUA, COX, & RONAN, JJ.

*Damages*, For tort.    *Evidence*, Earning capacity.    *Practice, Civil*, Requests, rulings and instructions; Exceptions: whether error shown. *Error*, Whether shown.

In an action for personal injuries, it was error to admit testimony by the plaintiff that his loss of earning capacity for a period after the injury was a certain sum per week, where there was evidence only in a general way as to the nature of his work before he was injured and nothing to show its extent or market value.

There was no error in the refusal of a requested ruling as to a matter adequately covered by the charge, or of a request not based upon evidence or pertaining to only a fragment of the evidence material to an issue.

Testimony by the physician of the plaintiff in an action for personal injuries, that headaches, nausea and dizziness suffered by the plaintiff because of her injury had persisted almost to the time of the trial and that that was due to the plaintiff's apprehension of attending court, did not preclude the plaintiff from recovering at all on account of such ailments, as the testimony might have been construed to relate only to the persistence.

An exception to the denial of a motion that a mistrial be declared because of remarks by opposing counsel to the jury must be overruled where the remarks did not appear in the record, although the excepting party alleged that they were of such a nature as not to be neutralized by any explanation by the judge.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated February 1, 1939.

The declaration in the second action was in two counts, the first for personal injuries and the second for property damage.

Upon removal to the Superior Court, the actions were tried before *Swift*, J. There was a verdict for the plaintiff Annie Williamson in the sum of $3,000, and separate verdicts for the plaintiff Adam Williamson, in the sum of $2,000 on the first count and of $500 on the second count.

*V. L. Scanlon*, for the defendant.

*J. Schneider*, for the plaintiffs.

RONAN, J. The plaintiff in the first case has obtained a verdict in an action of tort brought to recover for personal injuries sustained by her while travelling with her husband, the plaintiff in the second case, in an automobile, owned and operated by him, when it came into collision with an automobile operated by the defendant's intestate on a public way in Avon, in the early afternoon of January 4, 1939. The jury also returned a verdict for the husband. The defendant excepted to the admission of evidence relative to the loss of earning capacity of the husband, to the denial of requests for instructions, and to the argument of the plaintiffs' counsel.

We first consider the husband's case. He testified that he was engaged in the supervision and care of his real estate and in making repairs thereon; that he did the "painting and paperhanging, or fixing a faucet or toilet"; that it was two months after the accident before he was able to do his usual work about the property; that he experiences pain in reaching up in working on the ceilings or in hanging paper; that he has to quit after an hour or so and that he does the same work now as he did before the accident but he has to limit it. Subject to an exception, he was permitted to testify that his loss of earning capacity during the time he was unable to do the work after the accident was $60 a week. The judge instructed the jury that so far as that was evidence of loss of earning capacity, it might stand, but that it should be disregarded as any actual loss of money earnings. The evidence of the plaintiff tended to show in a general way the nature of the work in which he was engaged at the time of the accident, but there was nothing to show the time ordinarily required for the performance of this work. He might have had one or several pieces of property. Their condition might be such as to require little or much in the way of repairs. The record does not disclose the extent or the amount of work which he was capable of performing prior to the accident, or the market value of the services that he rendered. Dim-

inution of ability to earn resulting from an injury is an element of damage, but a plaintiff is not entitled to recover therefor unless he proves facts sufficient to support a rational conclusion as to the extent his capacity to earn has been impaired and the fair value of such impairment. The estimate of the witness was hardly more than his opinion as to the amount of his loss. The jury were not furnished with any evidence adequate to enable them to test the accuracy of this opinion or to determine for themselves what would be fair compensation for the impairment of earning capacity if they were satisfied that it followed as a consequence of the accident. A plaintiff should not be permitted to fix his own damages. There was error in the admission of this evidence. *Whipple* v. *Rich,* 180 Mass. 477. *Doherty* v. *Ruiz,* 302 Mass. 145. *Matloff* v. *Chelsea,* 308 Mass. 134.

A physician, called by the husband, testified that the accident was the "probable cause" of a hernia that the husband could have been found to have had. There was, therefore, no error in refusing to grant the fourth, fifth and seventh requests, that there could be no recovery for the hernia in view of the physician's testimony and because no causal connection between the hernia and the accident had been shown. Requests not based upon evidence cannot be given. *Gardner* v. *Copley-Plaza Operating Co.* 220 Mass. 372, 375. *Hartford* v. *Boston Elevated Railway,* 280 Mass. 288, 291. The twelfth request, that the evidence warranted a finding that the plaintiff was operating his automobile at a speed that was greater than reasonable and proper, was rightly refused. This matter was adequately covered in the charge. Moreover, the defendant had no right to select certain portions of the evidence that had been introduced upon one of the issues at the trial and attempt to secure added emphasis upon them by embodying them in a request for instructions. *Schusterman* v. *Rosen,* 280 Mass. 582. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47. *Commonwealth* v. *DiStasio,* 294 Mass. 273.

In the case of the female plaintiff the defendant excepted to the denial of two requests, to the effect that she was not entitled to recover for nausea, dizziness or headaches in

view of the testimony of her physician.  There was evidence that, as a result of the accident, she sustained various bruises and injuries over different parts of her body, including three cuts upon her face.  She was treated by a physician on the date of the accident and thereafter.  He testified to her condition as he continued to attend her, including her complaints of nausea and headaches.  He also testified that her complaints of headaches, dizziness and nausea had persisted down to the time he saw her a week before the trial, and that in his opinion this was due to her apprehension of attending court.  The meaning to be given to this testimony was for the jury, and they could construe this testimony of the physician to relate only to the persistency of her complaints.  There was nothing in this testimony that would bar the plaintiff from any recovery whatever on account of these ailments.  The denial of the requests was right.  *Kane* v. *Learned,* 117 Mass. 190.  *Whiteacre* v. *Boston Elevated Railway,* 241 Mass. 163.  *McAuliffe* v. *Metcalfe,* 289 Mass. 67.

The defendant saved two exceptions to the argument of the plaintiffs' counsel.  Neither exception is tenable.  The defendant. objected when counsel started to comment on the absence of a witness who, according to the evidence, was riding with the defendant's intestate at the time of the accident.  The judge said: "He hasn't commented on it yet; you are anticipating a comment.  Either side has a right to refer to it, not exclusively to the other side." We do not know whether counsel did argue on the absence of this witness.  It is certain that he did not before objection was made by the defendant, and the record does not indicate that he thereafter pursued this line of argument. If we assume, in favor of the defendant, that he did, then it could not have been ruled as matter of law that there was error in permitting the argument to proceed.  The defendant concedes that this person was available to him as a witness, and it was for the jury to say what inference should be drawn from the failure to produce the passenger as a witness in support of the defendant's version of the accident.  *Howe* v. *Howe,* 199 Mass. 598.  *Daniels* v.

*Daniels,* 240 Mass. 380. *Mumford* v. *Coghlin,* 249 Mass. 184. *Commonwealth* v. *O'Rourke, ante,* 213.

The defendant, at the close of the argument of the plaintiffs' counsel, filed a motion to have the court order a mistrial on the ground of certain remarks made by counsel in reference to the auditor who heard these cases and in reference to the auditor system, which, the motion alleged, were of such a nature that no explanation by the court would neutralize their effect. The defendant excepted to the denial of his motion. We do not know what the remarks were. They may have been such as the judge could properly find were not prejudicial to the defendant. The burden is upon the excepting party to show that he has been harmed by the action of which he complains. Nothing appears upon this record to show that he has any just complaint. *Posell* v. *Herscovitz,* 237 Mass. 513. *Gaw* v. *Hew Construction Co.* 300 Mass. 250. *Quincy* v. *Wilson,* 305 Mass. 229. *Commonwealth* v. *Rivers,* 307 Mass. 225.

The exceptions in the first case are overruled, but the exceptions in the second case must be sustained.

*So ordered.*