MOREY PEARL *vs.* WM. FILENE'S SONS COMPANY.

Suffolk.   December 6, 1944. — January 29, 1945.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Sale,* Warranty, Parties. *Notice. Husband and Wife. Deceit. Damages,* Consequential, Nominal.

A husband, not being a party to a sale of an article purchased by his wife in her own behalf and not as his agent, could not recover from the seller, on the ground of breach of warranty, consequential damages resulting from personal injuries sustained by his wife through use of the article.

An action based on breach of warranty could not be maintained by a plaintiff who had failed to give the defendant seller the notice required by G. L. (Ter. Ed.) c. 106, § 38.

A husband, seeking in an action of tort to recover consequential damages on the ground that injury to his wife's hair was due to deceit of the defendant in the sale to her of a permanent hair wave set, was not entitled to nominal damages, and failed to prove substantial damages by evidence showing that his wife received treatments by a hairdresser as a result of her injury but not showing the expense incurred by him for such treatments; and a verdict properly was ordered for the defendant.

CONTRACT OR TORT.   Writ in the Municipal Court of the City of Boston dated December 13, 1941.

Upon removal to the Superior Court, the action was tried before *Williams*, J.

*A. J. Zimmerman & S. Zimmerman,* for the plaintiff, submitted a brief.

*W. L. Allen,* for the defendant.

RONAN, J. This is an action of contract or tort in which the plaintiff seeks to recover consequential damages resulting from personal injuries sustained by his wife, which, as alleged in the first count of the declaration, resulted from a breach of warranty in the sale by the defendant of a permanent wave set to her, and, as alleged in the second count, arose because of fraud and deceit of the defendant which induced her to purchase the set. The plaintiff excepted to the granting of a motion that a verdict be ordered for the defendant.

There was evidence that the plaintiff's wife, after witnessing a demonstration of a permanent hair wave set, took off her hat, showed her hair to the defendant's clerk, informed him that her hair had been bleached for a number of years, and inquired if the set could be safely used on her hair. He replied that the set could be used on any kind of hair whether dyed or bleached, and that it was perfectly safe and harmless. She then purchased and paid for the set. When she removed the curlers after using the set, her hair broke off where they had been applied, leaving it only two or three inches long. She had before this occurrence bleached her hair every five or six weeks for ten or twelve years and had oil shampoos every week to offset the effect of the bleaching rinses in order to prevent her hair from becoming brittle. She received no medical treatment as a result of using the set but continued to receive the same treatments from her hairdresser as she had received for years, with the addition of certain treatments known as a mange cure to stimulate the growth of her hair. The wife gave notice to the defendant of a breach of warranty, brought an action for breach of warranty and for deceit, and recovered a judgment on the count for breach of warranty. The plaintiff does not contend that the money used for the purchase of the set was his money or money furnished by him for this purpose. Neither did he introduce any evidence that he had given any notice of breach of warranty to the defendant.

The plaintiff could not recover upon the first count for breach of warranty arising from the sale of the set to his wife. She and not he was the buyer. There was no con-

tractual relation between the defendant and him with reference to the sale of the set, and in this respect he stood as a stranger to the defendant. *Gearing* v. *Berkson*, 223 Mass. 257. *Carlson* v. *Turner Centre System*, 263 Mass. 339. *Groce* v. *First National Stores Inc.* 268 Mass. 210. *Cleary* v. *First National Stores Inc.* 291 Mass. 172. The case differs from *Sherlag* v. *Kelley*, 200 Mass. 232, and *Paradis* v. *A. L. Nichols Co.* 299 Mass. 364, where the husband was allowed to recover consequential damages on account of personal injuries sustained by his wife which were caused by a breach of a contract which he made with the defendant. In any event, the plaintiff could not maintain an action of contract for breach of warranty against the seller of the set, even if it could be assumed in his favor that in some way he became a party to the transaction, because he failed to give the seller the notice required by G. L. (Ter. Ed.) c. 106, § 38. *Putnam* v. *Great Atlantic & Pacific Tea Co.* 304 Mass. 364. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437. Compare *Erickson* v. *Buckley*, 230 Mass. 467, 472.

If he cannot recover in contract, then he contends that he can recover in an action for deceit. It is true that one may sue in tort as well as in contract for a false warranty. *Schuler* v. *Union News Co.* 295 Mass. 350. That principle does not aid the plaintiff, because there can be no breach of warranty where there is no privity of contract. It was assumed in *Cutter* v. *Hamlen*, 147 Mass. 471, and settled in *Roberts* v. *Anheuser Busch Brewing Association*, 211 Mass. 449, that a husband could recover in an action of tort for damages sustained by him on account of the illness of his wife and children resulting from false representations made to him, which in the first case induced him to hire a tenement containing an unsanitary plumbing system and in the second case to purchase a bottle of a malt preparation which was unwholesome and unfit to drink. The representations in those cases were made to the husband, but in the instant case they were made to the wife who was acting in her own behalf and not as agent of her husband. He does not and could not on this record contend

that he was the party defrauded. We assume, however, that a husband may recover consequential damages arising from a personal injury suffered by his wife on account of a fraud practised on her by a third person. The fact that the wife did not maintain her action against this third person for deceit would not bar the husband from maintaining an action for the same deceit for the purpose of recovering consequential damages. His rights are derivative in the sense that they are acquired through the marital relation but he has a cause of action independent of hers; and while his rights are not affected by the judgment entered in her case, he cannot recover unless he proves that she had a good cause of action for deceit. *Dennis* v. *Clark*, 2 Cush. 347. *Thibeault* v. *Poole*, 283 Mass. 480. *Barboza* v. *Decas*, 311 Mass. 10.

The plaintiff did not furnish any medical care to his wife. Her injury, which seems to have been confined entirely to her hair, did not call for any medical treatment. The only item of expense that he incurred was the cost of the mange cure treatments. They were presumably furnished at his expense or upon his credit by a hairdresser who charged him for the treatments. *Driscoll* v. *Gaffey*, 207 Mass. 102. *Kenyon* v. *Vogel*, 250 Mass. 341.

A plaintiff in an action of tort for deceit is not entitled to nominal damages merely by proving that the defendant had perpetrated a fraud upon him, but in order to prevail he must prove the extent of the injury that was caused by the defendant's fraud. *Brackett* v. *Perry*, 201 Mass. 502. *Connelly* v. *Bartlett*, 286 Mass. 311. *McCarthy* v. *Brockton National Bank*, 314 Mass. 318. The extent of the injury for which a plaintiff seeks compensation must be proved with a fair degree of certainty. The nature of the injury may be such that it is difficult to prove the various elements that comprised the damage which resulted therefrom. Compensation for pain and suffering, for instance, cannot be proved with mathematical precision, and a jury in awarding compensation have the right to consider the evidence in the light of their knowledge of practical affairs, their common experience, and their sound judgment. *Cross*

v. *Sharaffa*, 281 Mass. 329. *Doherty* v. *Ruiz*, 302 Mass. 145. The plaintiff is suing to recover a pecuniary loss, and the measure of his damages was the reasonable cost of the mange treatments given to his wife. Damages of this character were susceptible of accurate and definite proof. They rested on no contingency. They were for expenses already incurred by him. There was no evidence to show that future treatments would be reasonably necessary and, if there had been such evidence, that would not assist the plaintiff, because he could not recover the expense of such future treatments. *Cassidy* v. *Constantine*, 269 Mass. 56. The cost of the mange treatments could have been easily proved by the plaintiff. His wife could have testified as to the number of treatments and what she paid for them, or the hairdresser could have testified as to her charges and that the amount she charged was fair and reasonable. *Turner* v. *Boston & Maine Railroad*, 158 Mass. 261. *Harmon* v. *Old Colony Railroad*, 165 Mass. 100. *Rizzo* v. *Cunningham*, 303 Mass. 16. *Downey* v. *Union Trust Co.* 312 Mass. 405. Such evidence would have been sufficient to enable a jury to determine what was the reasonably necessary expense incurred by the plaintiff in attempting to restore his wife's hair to the condition it was in before it was damaged by the permanent wave set. *Scullane* v. *Kellogg*, 169 Mass. 544. *McGarrahan* v. *New York, New Haven, & Hartford Railroad*, 171 Mass. 211. The entire evidence of damages was that the wife, in addition to the regular treatments which she had been receiving for years, also received "treatments known as . . . [a mange cure] to stimulate the growth of the hair." Obviously, no finding of the expense incurred by the plaintiff on account of the cost of the mange treatments could be made; and as their cost comprised all the consequential damages attributable to the alleged deceit of the defendant, there was no error in directing a verdict for the defendant on the count for deceit. *Butterick Publishing Co.* v. *Fisher*, 203 Mass. 122. *Williamson* v. *Feinstein*, 311 Mass. 322. *Birmingham Railway, Light & Power Co.* v. *Humphries*, 172 Ala. 495. *Judd* v. *H. S. Coe & Co.*

*Inc.* 117 Conn. 510. *Colwell* v. *Manhattan. Railway,* 57
Hun, 452. *Grimes* v. *United Electric Railways,* 58 R. I.
458.

*Exceptions overruled.*