IRENE R. HOLLAND *vs.* GOOD BROTHERS, INC. (and two companion cases[1]).

Norfolk.   November 10, 1944. — June 1, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN & WILKINS, JJ.

*Sale,* Warranty, Parties.  *Actionable Tort.  Damages,* For tort.  *Pleading, Civil,* Declaration.  *Negligence,* Vendor.

A demurrer to the declaration in an action for breach of a warranty, that an automobile sold to the plaintiff by the defendant was safe to use and was not defective, properly was sustained where the declaration contained no allegation of notice to the defendant of the breach.

A demurrer to the declaration in an action for negligence of the defendant in selling to the plaintiff an automobile with a defective door properly was sustained because of lack of an allegation of damage to the plaintiff.

In a declaration alleging negligence of the defendant in selling to the plaintiff an automobile with a defective door, in consequence of which, and "without fault" of the plaintiff, the door sprang open and the mother and sister of the plaintiff were injured, further averments merely that the plaintiff "witnessed" the accident, "was responsible

---

[1] The two companion cases were brought against the same defendant, one by Nellie E. Holland, the mother of Irene R. Holland, and the other by Margaret A. Flaherty, the sister of Irene R. Holland.

for the injuries to" the mother and sister "and incurred great expense thereby, besides suffering mental anguish as a consequence for said injuries," were not averments of damage to the plaintiff, which was an essential to the maintenance of the action; and an averment at the end of the declaration, that the plaintiff "claims damages in accordance with her writ and declaration," added nothing by way of independent or further averment of damage.

A demurrer to the declaration in an action for personal injuries, suffered by the plaintiff when the door of an automobile owned by another sprang open because of a defect which was a breach of warranty by the defendant in selling the automobile to the owner, properly was sustained where no contractual relation between the plaintiff and the defendant was alleged.

Each count of a declaration must be read by itself and is demurrable unless it contains within itself allegations of such facts as will make out a cause of action.

In an action for personal injuries sustained by the plaintiff while riding in an automobile sold to another by the defendant, who had "guaranteed" it to be safe and free from defect and who had been negligent in preparing it for delivery to the purchaser with a defect which caused the plaintiff's injuries, a demurrer to the declaration properly was sustained for lack of an averment showing how the plaintiff came to be in the automobile, or otherwise showing that the plaintiff was within the class of persons whose presence in the automobile the defendant had reason to expect.

THREE ACTIONS OF CONTRACT OR TORT. Writs in the Superior Court dated October 15, 1941.

Demurrers to the declarations were sustained by *Williams*, J.

*W. F. A. Graham*, for the plaintiffs, submitted a brief.

*J. G. Leonard*, for the defendant.

LUMMUS, J. These cases were reported after the sustaining of demurrers to the declarations. The demurrers were based upon the alleged insufficiency of the allegations in each of the counts of each declaration. The circumstances as disclosed by some of the counts were as follows: The defendant sold an automobile to Irene R. Holland with a warranty that it was safe to use and not defective. She was operating it when a door sprang open because of a hidden defect which was a breach of the warranty, causing personal injury to the other two plaintiffs and expense to Irene R. Holland in repairing the door. The demurrer was properly sustained as to the first, third and fourth counts of the declaration in the action brought by Irene R. Hol-

land, because of the absence of any allegation of notice to the defendant of the breach of warranty. G. L. (Ter. Ed.) c. 106, § 38. *Bruns* v. *Jordan Marsh Co.* 305 Mass. 437, 444. *Murphy* v. *Gilchrist Co.* 310 Mass. 635. *Rogiers* v. *Gilchrist Co.* 312 Mass. 544. *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529.

The demurrer to the second count of the same declaration was properly sustained. That count was for negligence, and should have contained an allegation of damage, without which negligence was without legal consequence. *Wells* v. *Poland,* 292 Mass. 465. *Gregory* v. *Maine Central Railroad,* 317 Mass. 636, 642. The damage alleged was merely that the plaintiff "witnessed an accident" which injured her mother and sister, as a result of which accident "the plaintiff was responsible for the injuries to her mother and sister and incurred great expense thereby, besides suffering mental anguish as a consequence for said injuries." No facts are alleged to show any liability on the part of Irene R. Holland to her mother and sister, or any need of incurring "great expense" as a result of their injuries. On the contrary, this count alleges that the door opened "without fault" on her part. "Mental anguish" unaccompanied by other injury to a plaintiff creates no liability for negligence. *Freedman* v. *Eastern Massachusetts Street Railway,* 299 Mass. 246. *Wheeler* v. *Balestri,* 304 Mass. 257, 259. The statement at the end of the declaration that the plaintiff "claims damages in accordance with her writ and declaration" adds nothing by way of independent or further averment of damage. *Levin* v. *Reliance Co-operative Bank,* 301 Mass. 101, 103, 104. *Bell* v. *Eames,* 310 Mass. 642, 646.

There was therefore no error in sustaining the demurrer in the action brought by Irene R. Holland.

In the actions brought by the two other plaintiffs, Nellie E. Holland and Margaret A. Flaherty, the declarations are identical. The first and third counts allege a purchase of the automobile from the defendant by Irene R. Holland in March, 1940, with a warranty by the defendant that it was in good condition, free from defect, and safe to ride in, and a breach of that warranty resulting in an accident in

which these plaintiffs were hurt.  Plainly the demurrer to these counts was properly sustained, for no contractual relation between these plaintiffs and the defendant is alleged, and these plaintiffs do not appear to have acquired the benefit of any warranty.  *Pearl* v. *Wm. Filene's Sons Co.* 317 Mass. 529.  *Smith* v. *Davidson Rubber Co.* 306 Mass. 617.

We have left for consideration only the second count in the declarations of Nellie E. Holland and Margaret A. Flaherty.  That count alleges in substance that the defendant was engaged in the business of selling new automobiles "guaranteed" to be safe and free from defect; that in March, 1940, the defendant sold to Irene R. Holland such an automobile; and that the defendant so "negligently and carelessly" prepared the automobile for delivery to the purchaser that there was a hidden defect in a door because of which the plaintiff was hurt.

Very likely the plaintiff in each of these cases intended to present the question whether a dealer, selling an automobile as new and perfect, and negligently failing to discover and remedy a dangerous defect, is liable for a subsequent injury to an invitee of the buyer who is among the class of persons who might be expected by the seller to ride in the automobile.  See *Farley* v. *Edward E. Tower Co.* 271 Mass. 230; *Mitchell* v. *Lonergan,* 285 Mass. 266; *Morrison* v. *Medaglia,* 287 Mass. 46; *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340, 343; *Cadogan* v. *Boston Consolidated Gas Co.* 290 Mass. 496, 499; *Robichaud* v. *Owens-Illinois Glass Co.* 313 Mass. 583.

But no such question is actually presented.  Each count must be read by itself, and must contain within itself allegations of such facts as will make out a cause of action. *Kenney* v. *Boston & Maine Railroad,* 301 Mass. 271, 274. How the plaintiffs Nellie E. Holland and Margaret A. Flaherty came to be in the automobile does not appear. It is not alleged that they were invitees of Irene R. Holland. They are not shown to have been within the class of persons whose presence in the automobile the defendant had reason to expect.    In each case the entry will be

*Order sustaining demurrer affirmed.*
*Judgment for the defendant.*