*Northern District*

No. 5149

## MASSACHUSETTS GENERAL HOSPITAL
### v.
## EDMUND A. SANTA MARIA
### and
## ELSIE SANTA MARIA

(November 27, 1957)

*Present:* BROOKS, J. (PRESIDING) AND NORTHRUP, J.

Case tried to LACK, SP. J., in the Third District Court of Eastern Middlesex. No. 37 of 1957.

*Brooks, J.* This is an action of contract for room and hospital services. Defendant Edmund A. Santa Maria answers general denial and thereafter answering further particulars, denies contract with plaintiff and says the obligation is that of his wife from whom he was separated at the time and for whose obligation he was not liable.

Process was never served on Elsie Santa Maria.

There was testimony by plaintiff's representative that Elsie Santa Maria was taken to the hospital under emergency circumstances and received treatment for which a reasonable charge was $279.20. Elsie Santa Maria testified that she was wife of Edmund Santa Maria at the time she went to the hospital but that prior to that she was living separate and apart from him under decree of the Probate Court requiring her husband to pay her $45 for support, which order he had complied with (presumably this means $45 weekly).

*Defendant filed no Requests for Rulings at the trial.*

The court found for plaintiff in the sum of $279.20 with interest from the date of the writ against Edmund Santa Maria.

Defendant duly filed a motion for a new trial as follows:

1. The finding is against the law.
2. The finding is against the evidence.

3. That the defendant, Edmund A. Santa Maria in his further answer set forth that he and his wife were "separated at the time and for whose obligations he was not liable," that the defendant, Edmund A. Santa Maria sustained by suitable and uncontradicted evidence the same, and that the finding made by the court is contrary to the law.

At the hearing on the motion for a new trial, defendant filed Requests for Rulings which raised several issues, among which were certain ones relating to the effect of a decree of support on a husband's liability to pay for necessaries supplied his wife. Under the circumstances, it is unnecessary to set forth these requests.

The law is clear that a husband against whom a decree of support has been entered together with an order for payment, as in this case, is not liable for necessaries furnished to her. *Matloff v. Chelsea*, 308 Mass. 134.

It is also the law that questions of law which could have been raised at the trial may not as of right be raised on a motion for a new trial. *Nerbonne v. N.E. S.S. Co.*, 288 Mass. 508, 510; *Peterson v. Hopson*, 306 Mass. 597, 600; *C. v. Barker*, 311 Mass. 82, 93; *Haines Corp. v. Winthrop Square Cafe*, 335 Mass. 152.

It was open to defendant, through Requests for Rulings, presented at the trial, to raise the issue of non-liability of the husband by reason of the existing decree for non-support. This he failed to do.

*Report dismissed.*

Tierney & Tierney, for the plaintiff.
J. Peter Felopulos, for the defendant.