*Western District*

**ROBERT WILLIAM RICH**
**v.**
**COCA COLA BOTTLING CO.**

(May 16, 1960)

*Present:* Riley, P. J., Hobson and Garvey, JJ.

Case tried to *O'Malley, J.,* in the District Court of Springfield. No. 147642.

*Garvey, J.* The plaintiff in this action of

tort, alleging negligence, seeks to recover damages for personal injuries caused by the explosion of a Coca-Cola bottle. The trial judge found for the defendant and reported the case at the request of the plaintiff. There was no error.

On the evidence, the judge found that the defendant manufactured and sold in glass bottles, a carbonated beverage called Coca-Cola. One of its customers was Stop & Shop, Inc., owner and operator of a retail store in East Longmeadow. The plaintiff was employed as a salesman by Canada Dry Bottling Company, a company also engaged in the business of manufacturing and selling carbonated beverages. It sold Stop & Shop, Inc. While the plaintiff, as part of his duties, was replenishing the stock of his employer's product on a display shelf in the Stop & Shop store, a Coca-Cola bottle on an adjoining shelf exploded causing lacerations to his face. He did nothing to cause the explosion. The plaintiff's acts were contrary to a store rule, but the rule was unknown to him.

Coca-Cola bottles were delivered to the store by employees of the defendant as ordered, in case lots, each case containing 12 bottles. Upon delivery, employees of the store would stack the cases in the storage area in the rear of the store at the point of delivery, or place them on a conveyor running to the cellar where they would be removed and stacked. Sometimes they would be moved from one storage area to another by store

employees. The defendant surrendered control on delivery. When needed, employees of the store would take Coca-Cola bottles from one of these areas and place them on the display shelves.

No evidence was offered as to when the case of which this bottle was delivered, the manner of handling after delivery, when, or by whom it was placed on the display shelf. Neither was any evidence offered as to any specific negligent act or omission on the part of the defendant, nor of an expert as to the cause of the explosion. The judge found the plaintiff had not excluded, by proof, the possibility of improper handling of this bottle after control was surrendered to the store, and had not sustained the burden of showing negligence by the defendant. The only request of the plaintiff requiring consideration follows: "It is enough if the evidence is such as to permit a reasonable inference in light of all the circumstances that the bottle was not accessible to extraneous harmful influence after it left the possession of the bottler, and that it was handled in a reasonably careful manner by the injured person and others who may have had reason to move or touch it. When such evidence has been produced, a prima facie case of negligence has been established sufficient to place the burden on the manufacturer or rebutting the presumption raised by the evidence that the explosion was the result of some defect in the bottle, improper charging or mixing of its contents or

negligent manner in its handling while in the possession and control of the manufacturer." This request was denied as inapplicable to the facts found and as an incorrect statement of law.

Does the doctrine of *res ipsa loquitur,* or permissible inference of negligence, apply to those facts is the question presented to us for determination. We think not.

The applicable principles of law were established in the recent case of *Evangelio v. Metropolitan Bottling Company,* 339 Mass. 177. After an exhaustive review of cases in this and other jurisdictions, it held that it was permissible for the trier of facts, in some circumstances, to find negligence by a manufacturer when a bottle containing a carbonated beverage explodes. Explosion alone, however, is not enough. The plaintiff must prove there was no mishandling of the bottle after surrender of control by the bottler. At page 772 in the Evangelio case, the Court said:

> "To recover in a situation of the sort here involved the plaintiff must prove more than the fact of the explosion. Where, as here, the accident occurs after the defendant has surrendered control of the instrumentality involved, it is incumbent upon the plaintiff to show that the instrumentality had not been improperly handled by himself or by intermediate handlers."

The judge correctly ruled that proof by the plaintiff on this aspect of the case was lacking.

As we understand the plaintiff's argument the explosion of a bottle would impose strict

liability on the manufacturer. That is not the law. The doctrine warrants but does not compel a finding of negligence. It is permissive not mandatory. The doctrine of *res ipsa loquitur,* "where it applies, merely permits, but does not require, a finding of negligence." *Liberatore v. Framingham,* 315 Mass. 538, 542.

> "In essence, this doctrine, however denominated, merely permits the tribunal of fact, if it sees fit, to draw from the occurrence itself of an unusual event the conclusion that it would not have happened unless the defendant had been negligent." P. 769 Evangelio case. *Rescigne v. Colonial Beacon Oil Co.,* 294 Mass. 234, 235.

The trial judge did not think it necessary, nor do we, to determine the status of the plaintiff in respect to the duty owed him by the defendant under the circumstances. We note that the plaintiff was not in the store as a purchaser, or prospective purchaser, of the defendant's product. Not being a "remote vendee" or ultimate consumer, it is doubtful, in our opinion, that the rule of *Carter v. Yardley,* 319 Mass. 92, 98 and 99, imposing liability on a manufacturer would be extended to apply to this plaintiff on these facts. See also *Holland v. Good Bros. Inc.,* 318 Mass. 300, 303.

There being no prejudicial error found, the report is ordered dismissed.

Louis Cohen of Springfield, for the Plaintiff.
Herbert Murphy of Springfield, for the Defendant.