STEPHEN H. SQUIBB *vs.* R.M. BRADLEY & Co., INC. No. 93-P-1554. March 15, 1996. *Practice, Civil,* Directed verdict, Judgment notwithstanding verdict. *Broker,* Commission. *Contract,* Employment. *Evidence,* Opinion.

The plaintiff, formerly a real estate broker in the defendant's Industrial Division, brought an action claiming that the shares allocated to him of the division's brokerage commissions in the years 1983, 1984, 1985, and 1986 violated the terms of the division's compensation agreement. That agreement provided for a compensation committee to allocate shares to division members. There was evidence that the compensation committee "has always made its allocation on the basis of the personal individual and joint participation of the members . . . in the overall success of the efforts of the Industrial Division on an annual basis." The plaintiff put in evidence a memorandum prepared by the defendant's chief financial officer calculating a suggested appropriate share for the plaintiff for the year 1985. (The chief financial officer was not himself a member of the compensation committee but advised and consulted with the head of the division, who was a member.) Applying the methodology of the memorandum, the plaintiff contended that the total compensation awarded him for the four-year period, $421,000, shortchanged him by $483,870 from the allocation called for by the historically applied formula. The jury by special verdict found that the defendant was in breach of the compensation agreement and awarded the plaintiff $160,000.

1. The defendant contends that the judge erred in denying its motion for judgment notwithstanding the verdict, on the ground that the plaintiff failed to adduce evidence that the allocation of commissions, a decision that was discretionary with the compensation committee, was based on fraud, ill will, bad faith, breach of the implied covenant of good faith and fair dealing, or an effort to deprive the plaintiff of benefits to which he was legally entitled. Even if the defendant is correct in this contention — a point we need not pass on directly and which is at best debatable — the judge was not obliged to allow the motion because the defendant's motions for a directed verdict, made at the close of the plaintiff's case and at the close of the evidence, failed to specify grounds, as required by Mass.R.

Civ.P. 50(a), 365 Mass. 814 (1974).[1] Because a proper motion for a directed verdict is a necessary prerequisite for a motion for judgment notwithstanding the verdict, *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31, 34 (1991), there was no error in denying the motion. Unlike *D'Annolfo* v. *Stoneham Hous. Authy.*, 375 Mass. 650, 655 n.5 (1978), the basis for the directed verdict motions was not apparent. We note that the same legal contentions the defendant sought to raise by the motion for judgment notwithstanding the verdict might also have been raised by objections to the judge's instructions to the jury and to the forms of the special questions, but no objection was made. The contentions now made were waived. There was no plain error which would result in manifest injustice. See *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 9-10 (1983); *Hatton* v. *Meade*, 23 Mass. App. Ct. 356, 362 (1987).

2. The defendant contends that the judge erroneously permitted the plaintiff to testify to the value of his services, in effect "invit[ing] him to assess his own damages." *Whipple* v. *Rich*, 180 Mass. 477, 479 (1902). See also *Matloff* v. *Chelsea*, 308 Mass. 134, 136-137 (1941); *Williamson* v. *Feinstein*, 311 Mass. 322, 324 (1942). There is serious question whether the defendant preserved objections to the testimony, but we need not resolve that point because the testimony in question was, in our view, appropriately admitted in evidence by the judge. The plaintiff testified, not to the value of his services, but to the extent of his participation in each of the transactions that was included in the commission pool. In many of these, the plaintiff was the sole broker involved in the production of the commission; in others, one or more other brokers were involved. In any event, testimony in that form was not objectionable opinion testimony but was directed to the facts concerning the extent of his participation, which, historically, was a foundation factor in allocating the pool. Nor was there error in permitting the plaintiff to testify to the extent of the deficiency in his share based on a fifty per cent reduction in the commission pool for overhead and other expenses, particularly in light of the fact that he was copying the method of computation employed by the defendant's chief financial officer for 1985. The judge allowed the latter to explain why the fifty per cent factor should not be extrapolated to other years, and, in addition, to testify to other reductions that are made in the gross commission pool before allocating brokers' shares. The jury were thus in a position to weigh all of the parties' contentions, and, presumably in light thereof, awarded the plaintiff only one third, roughly, of what he sought. There was no error.[2]

*Judgment affirmed.*

*Theodore E. Dinsmoor* for the defendant.
*Mark E. Schreiber* for the plaintiff.

---

[1]The reason for the rule is stated in *Bonofiglio* v. *Commercial Union Ins. Co.*, 411 Mass. 31, 34-35 (1991): "The requirement that a litigant state specific grounds in support of a motion for directed verdict is an important one. It allows the judge knowingly to rule on the question before him, and it allows the opposing party an opportunity to rectify any deficiencies in its case — or, more precisely, an opportunity to seek leave from the court to do so."

[2]The plaintiff's request for costs and attorney's fees is denied.