The plaintiff brought claims of handicap discrimination and retaliation against her former employer, the Department of Social Services (department), and Rosemarie Verderico, her supervisor. After a jury trial, judgment was entered in favor of the defendants. On appeal, the plaintiff contends that the judge's failure to include a specific requested jury instruction was error. We affirm.
The plaintiff injured her back in an automobile accident in 2000 and took a medical leave of absence from work. Upon her return, she learned that her employment duties had been changed. In 2002, physically unable to perform her new duties, she was offered and accepted early retirement from the department. This lawsuit followed. In this appeal, she argues that she requested the judge give a jury instruction regarding "her ability to perform the essential functions" of her previous position specifically, and that the judge erred in not instructing the jury as such.
To effectively preserve an asserted error in a jury instruction, it must be objected to. Jarry v. Corsaro, 40 Mass. App. Ct. 601, 603 (1996). "A party who fails to comply with [this] rule ... forfeits his right to complain on appeal of the giving or omission of an instruction." Ibid. (quotation omitted). If properly preserved by an objection, a challenge to a judge's instructions is reviewed to determine whether "a critical issue was not dealt with at all or was dealt with erroneously as a matter of law." General Dynamics Corp. v. Federal Pac. Elec. Co., 20 Mass. App. Ct. 677, 684 (1985) (quotation omitted). In the event that an error is found, we will not set aside a verdict "unless the error was prejudicial-that is, unless the result might have differed absent the error." Blackstone v. Cashman, 448 Mass. 255, 270 (2007). We will consider an unpreserved argument waived unless we find there was a "plain error which would result in manifest injustice." Squibb v. R.M. Bradley & Co., 40 Mass. App. Ct. 914, 915 (1996). See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).
Having reviewed the trial transcripts, including the jury instructions provided, we note that the plaintiff failed to object to the judge's instructions at any point. In fact, at side bar following the completion of the jury instructions, the judge inquired of counsel whether they considered the instructions complete and appropriate. In response, plaintiff's counsel responded with a request that the judge instruct "the jury as to what the life expectancy was," a figure to which the parties had stipulated. The judge accommodated the request. At that time counsel had the opportunity to object further, and did not. As there is no evidence provided in the record to suggest the plaintiff's argument was preserved at trial, and since we find no error that would result in manifest injustice, we deem the issue waived. See Carey, supra; Jarry, supra; Squibb, supra.
Judgment affirmed.